In the Matter of NEDRA ANDERSON et al., Respondents, *v.* BOARD OF EDUCATION OF THE CITY OF YONKERS et al., Appellants.

Second Department, December 30, 1974.

*Eugene J. Fox, Corporation Counsel* (*Robert E. Sapir* of counsel), for appellants.

*Eugene M. Kaufman* (*Paul H. Janis* of counsel), for respondents.

*Robert D. Stone* (*John P. Jehu* and *Lawrence W. Reich* of counsel), for Ewald B. Nyquist, State Commissioner of Education, *amicus curiae*.

GULOTTA, P. J. This is an appeal from a judgment of the Supreme Court, Westchester County, entered in a proceeding pursuant to article 78 of the CPLR, which (1) granted the petition to annul a determination of appellant Board of Education terminating the petitioners' employment and (2) remitted the matter to the board for review pursuant to section 3031 of the Education Law.

The petitioners are five of seven teachers from a group of 235 who were not granted tenure by the Yonkers City School District in 1973. Apparently all the petitioners were hired in September, 1970 for a three-year probationary period (Education Law, § 2573, subd. 1 [as then in effect]).

On April 30, 1973 each petitioner received a letter from respondent Dr. Alioto, the Superintendent of Schools, indicating that he or she would not be recommended for tenure. The letter further stated that his or her services would be terminated, effective June 30, 1973, and that upon request he or she would be entitled, pursuant to a collective bargaining agreement, to an informal hearing with the Superintendent and a formal observation and written evaluation of his or her teaching performance prior to a final decision. Thereafter, each demanded these rights and Dr. Alioto designated persons to observe and evaluate them and he accorded each an informal hearing. By letter dated June 27, 1973 Dr. Alioto notified each petitioner that he was adhering to his original determination not to recommend tenure.

On June 29, 1973 each petitioner requested, in writing, that he or she be supplied with written reasons for the termination. The Superintendent responded on July 10, 1973 and, on or before August 20, 1973, each petitioner filed written responses addressed to the Board of Education. The board met on August 23, 1973 and passed a resolution terminating their services. The minutes of that resolution indicate that Mr. Tice, the president of the Yonkers Federation of Teachers, urged the board to review the matter " once more "; that Mr. Jacobson, the President of the Board of Education, stated that each case had been reviewed by the board members and was also discussed with the Superintendent; and that Dr. Alioto stated that the board could not grant tenure " unless the Superintendent recommends it."

On December 7, 1973 the petitioners commenced the instant article 78 proceeding to annul the above-mentioned determination and to reinstate them, with back pay from the date of their dismissal. The Special Term, in an exhaustive opinion by Mr. Justice GAGLIARDI, granted the petition on the grounds that section 3031 of the Education Law authorized the board to grant tenure in the absence of a positive recommendation by the Superintendent and that the board's apparent misapprehension of the law vitiated its prior review, and accordingly remanded the matter to the board for further consideration. We respectfully disagree with the Special Term's reading of the statute and therefore reverse the judgment and dismiss the proceeding

on the merits. Permission for the taking of the appeal is granted (see CPLR 5701, subd. [b], par. 1).

Prior to the passage in 1972 of section 3031 of the Education Law (added by L. 1972, ch. 866) it was well established that while a board of education could, in the face of a positive recommendation by its superintendent of schools, deny tenure to a probationary teacher, it could not, in the absence of such recommendation, bestow it (*Matter of McMaster v. Owens*, 275 App. Div. 506, 508; *Matter of Gunthorpe v. Board of Educ. of Union Free School Dist. No. 5, Town of Babylon*, 41 Misc 2d 757, 758; *Matter of High v. Board of Educ. of Union Free School Dist. No. 7 of Town of North Hempstead*, 169 Misc. 98, 100, affd. 256 App. Div. 1074, affd. 281 N. Y. 815; *Matter of Meehan*, 11 Ed. Dept. Rep. 34; *Matter of Marino*, 11 Ed. Dept. Rep. 336; *Matter of Downey*, 72 N. Y. St. Dept. Rep. 29), the apparent rationale being that " the Superintendent's recommendation is a screening device which brings before the Board of Education all those who are qualified by objective standards " (*Matter of Tischler v. Board of Educ. of Monroe Woodbury Cent. School Dist. No. 1*, 37 A D 2d 261, 263). Now, by virtue of the enactment of section 3031, it is contended that the balance of power has shifted and that a board of education may appoint a teacher on tenure despite its superintendent's failure to recommend. We believe that neither the wording of the statute nor its apparent purpose justifies this construction.

Section 3031 of the Education Law, which is instructively entitled " *Procedure* when tenure not to be granted at conclusion of probationary period or when services to be discontinued " (emphasis supplied), provides, *inter alia*, that " notwithstanding any other provision of this chapter and except in cities having a population of one million or more," boards of education " shall review " all decisions of their superintendent *not* to appoint a teacher to tenure, and to this end further provides that " at least thirty days prior to the board meeting at which such recommendation is to be considered, [such teacher shall] be notified of such intended recommendation and the date of the board meeting at which it is to be considered " (bracketed matter supplied). Thereafter, the affected teacher has until 21 days prior to the date of the meeting to request in writing that he be furnished with written reasons for the recommendation, and that statement must be supplied within seven days. A written response to the reasons given may then be filed by the teacher " not later than seven days prior to the date of the board meeting." The final sentence of the section, which is par-

ticularly important, provides as follows: *" This section shall not be construed as modifying existing law with respect to the* rights of probationary teachers or the *powers and duties of boards of education * * * with respect to the* discontinuance of services of teachers or *appointments on tenure of teachers "* (emphasis supplied).

Upon reading the statute and paying particular heed to its caption and final sentence, it is apparent that no change in existing substantive law was intended. Rather, the inequity sought to be redressed was the procedural anomaly whereby probationary teachers could be terminated on notice, without a hearing and without specification of reasons (*Central School Dist. No. 1 of Towns of Brookhaven & Smithtown* v. *Three Vil. Teachers Assn.,* 39 A D 2d 466, 467; *Matter of Pinto* v. *Wynstra,* 22 A D 2d 914, 915; *Matter of Grace* v. *Board of Educ. of City of N. Y.,* 19 A D 2d 637; *Matter of High* v. *Board of Educ. of Union Free School Dist. No. 7 of Town of North Hempstead,* 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815, *supra*), a practice which in at least some contexts must be considered constitutionally suspect (see *Board of Regents* v. *Roth,* 408 U. S. 564). The legislative memorandum accompanying the bill makes this intention clear, as does the supporting memorandum of the New York State Teachers' Association, at whose behest the bill was originally introduced. Both refer broadly to the bill as procedural in nature, while the latter goes further and notes that the prior law in this area was disruptive of harmonious community relations and that the new measure, if adopted, would not infringe upon the "ultimate power" to dismiss a probationary teacher or deny him tenure, "but would require that reasons be given for such action" (N. Y. Legis. Annual, 1972, p. 112). Accordingly, we believe the statute should *not be interpreted* as empowering appellant Board of Education to override its Superintendent's negative recommendation, since this would alter the board's "powers and duties * * * with respect to the * * * appointments on tenure of teachers," a result which the statute specifically disclaims.

In so construing the statute we are not unmindful of the admonition of the Special Term that "each part of a statute is to be given meaning and be interpreted so as to avoid absurd results," yet we must also pay heed to the principle of statutory construction that legislative intent is paramount (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 92; see *Matter of Wilson* v. *Board of Educ., Union Free School Dist. No. 23, Town of Oyster Bay,* 39 A D 2d 965, 966) and that a construction

is favored which harmonizes the various provisions of a statute with each other and with the general intent of the statute (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 96, 98). Here, this can only be accomplished by ascribing to the final sentence its plain meaning (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 94, 231), while according to the Board of Education a limited "review" of the Superintendent's refusal to recommend for tenure by empowering the board to remand individual cases for reconsideration. The persuasiveness of such a remand should not be underestimated. In this way, not only will all of the provisions be given meaning, but the legislative purpose to provide minimal due process protection will be preserved (cf. McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 144).

All procedural requirements of section 3031 were observed and the case of each petitioner was thereafter fully and individually reconsidered.

The judgment should be reversed, on the law, without costs, and the proceeding dismissed on the merits.

SHAPIRO, J. (dissenting). I would affirm on the opinion of Mr. Justice GAGLIARDI at Special Term (*Matter of Anderson* v. *Board of Educ. of City of Yonkers,* 77 Misc 2d 904), which contains a comprehensive review of the facts and comes to what is, in my opinion, a correct conclusion.

I only find it necessary to add that while the majority presumes to give obeisance to the rule that "a construction is favored which harmonizes the various provisions of a statute with each other and with the general intent of the statute," its determination does just the contrary. The new "review" power given to boards of education in section 3031 of the Education Law in 1972 (by amdt. by L. 1972, ch. 866) is in fact emasculated by the determination of the majority that it is not a power to review but merely a power to recommend.

When the new and theretofore nonexistent power to "review" a determination by a superintendent who had refused tenure to a teacher was enacted into law, it was a substantive and not a procedural change. To review, by any fair intendment of that term, means to change, modify or alter and not, as the prevailing opinion has it, to "recommend". A board of education always had the power to "recommend"; no new legislation was needed to accomplish that purpose. To now hold, as does the majority, that "review" in effect means nothing is tantamount to saying that the Legislature, when it enacted the new "review" law, was engaging in a futile gesture.

Furthermore, I do not agree that the last sentence of the section, upon which the majority places such great emphasis for its conclusion, should be given the meaning which it ascribes to it. While its wording certainly is no model of good draftsmanship, it seems clear to me that it was merely intended as a saving clause to make clear that boards of education were not by the new enactment being stripped of any powers they theretofore possessed. However, it was not thereby intended to nullify and negate the affirmative power given to the boards in the prior provisions of the section to '' review '' an order of a superintendent in refusing tenure.

MARTUSCELLO and LATHAM, JJ., concur with GULOTTA, P. J.; SHAPIRO, J., dissents and votes to affirm the judgment, with an opinion, in which HOPKINS, J., concurs.

Judgment of the Supreme Court, Westchester County, dated April 11, 1974, reversed, on the law, without costs, and proceeding dismissed on the merits. Permission for the taking of the appeal is granted.