Per Curiam:

We affirm on the opinion of Presiding Justice Frank A. Gulotta at the Appellate Division, adding emphasis to two considerations which he identifies.
It is not disputed that prior to the 1972 amendment of section 3031 of the Education Law for sound reasons of educational policy the grant of tenure to any individual teacher depended on the concurrence of the superintendent of schools (generally representing the points of view of professional educators) and the board of education (representing the points of view of the community and those charged with superintendence and management of the educational affairs of the district). It would be unreasonable to conclude, in the absence of explicit provision, that legislation intended to expand the procedural rights of individual teachers with respect to determination of tenure would have been intended as well to reverse long-standing educational policy with regard to the substance of tenure-granting.
In strengthening the procedures to be followed in reaching tenure decisions, the introduction of a mandatory review (even without power to overturn) by the board of education of all decisions of the superintendent not to grant tenure was an addition of real substance. In the administrative as differentiated from the judicial setting, review by a higher authority of recommendations made to it may be of very real significance, especially where the official making the recommendations is himself subject, in evaluation of his performance of duty, to the ultimate control of the reviewing authority. Not only will the superintendent be called on to justify and defend his *899 decisions before the board; perhaps even more important, as a practical matter, will be the impact of the prospect of such review on the care and attention paid by the superintendent to his initial tenure recommendations. The amendment mandates review by the board in every instance and is not limited to cases in which objection has been raised by the individual teacher affected. Where teacher objection is made, the availability of his or her written response to the statement of reasons for the denial of tenure and notice to him or her of the board’s prospective review of the superintendent’s decision may be expected to contribute significantly to an effective and thorough consideration both of the particular tenure decision and of the superintendent’s implementation of tenure policy in general.