■ In the Matter of JUDITH G. YANOFF, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 15, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of the Commissioner of Education. During the years 1962 through 1967 petitioner was a substitute teacher in the respondent school district. In November, 1967, she received a full-time probationary assignment as a high school science teacher. Effective June 30, 1968 she resigned her science teaching position and resumed substitute teaching during the academic years 1968 through 1971. She was then appointed a part-time high school teacher for the academic year 1971-1972. She received a full-time appointment as a general substitute teacher assigned to teach high school biology for the academic year 1972-1973. She then received a full-time appointment as a probationary teacher of health education for the academic year 1973-1974 and continued as such for the academic year 1974-1975. On February 26, 1975, petitioner was notified by the Superintendent of Schools that he would not recommend her for tenure. Pursuant to the requirements of section 3031 of the Education Law, petitioner was given a statement of the reasons why she was not being recommended for tenure and was permitted to respond in writing to the superintendent and board of education. On April 10, 1975, the board acted to terminate petitioner's appointment effective June 30, 1975. Petitioner appealed her denial of tenure pursuant to section 310 of the Education Law. The Commissioner of Education found no basis for setting aside the decision of the superintendent and the appeal was dismissed. Petitioner commenced this article 78 proceeding. Special Term dismissed the petition and this appeal ensued. On appeal petitioner contends that Special Term erred because (1) due process required that she be given a hearing, (2) she had acquired tenure by acquiescence or estoppel prior to the board's termination of her employment, and (3) the denial of tenure to her was an arbitrary and capricious act. We disagree. As to petitioner's first contention, it is well settled that a probationary teacher may be dismissed without a hearing and without being given reason, except as provided in section 3031 of the Education Law *(Matter of Tuller v Central School Dist. No. 1 of*

*Towns of Conklin, Binghamton, Kirkwood & Vestal,* 40 NY2d 487, 496; *Matter of Rathbone v Board of Educ.,* 47 AD2d 172). Here, petitioner acquired no constitutionally protected property right in her service as a probationary teacher *(Matter of Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, supra).* Nor, did her subjective expectation of continued employment, based on many years of nonqualifying service to the district, increase her procedural rights *(Matter of Anderson v Board of Educ.,* 77 Misc 2d 904, revd on other grounds 46 AD2d 360, affd 38 NY2d 897). Her superintendent's decision not to recommend her for tenure for stated reasons of inadequate performance as a teacher, conveyed only to her, did not infringe on her liberty nor impose a stigma so as to require an evidentiary hearing *(Matter of Rathbone v Board of Educ., supra).* Secondly, petitioner has not acquired tenure by acquiescence or estoppel by service beyond her probationary term since none of her service prior to the academic year 1972-1973 constituted service recognizable as part of her three-year probationary period. Her resignation effective June 30, 1968 terminated any accrued rights toward tenure *(Matter of Mugavin v Nyquist,* 48 AD2d 727, affd 39 NY2d 1003; *Matter of Hauppage Classroom Teachers Assoc. v Millman,* 35 AD2d 844). Further, petitioner's part-time employment does not constitute probationary service for the purpose of acquiring tenure *(Matter of Rosenburg v Board of Educ.,* 51 AD2d 551). Petitioner's service as a teacher of two biology classes during the academic year 1971-1972 was recognized as a part-time position and cannot be said to be equivalent to the kindergarten class situation involved in *Matter of Ablondi v Commissioner of Educ. of State of N. Y.* (54 AD2d 507). Finally, we turn to petitioner's claim that her denial of tenure was arbitrary and capricious. It is settled that if all mandated procedural rights have been observed, a denial of tenure must be respected by the courts unless wholly arbitrary or motivated by unconstitutional or statutorily prohibited reasons *(Matter of Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, supra,* p 495; *Matter of Rathbone v Board of Educ., supra,* p 175). There is no serious dispute that the proper procedures under section 3031 of the Education Law have been followed. Petitioner argues, in support of her contention that the determination of the board was arbitrary and capricious, that since her prior record of service was acknowledged to be satisfactory, she warranted a grant of tenure. However, the board of education may not grant tenure in the absence of a positive recommendation of the Superintendent of Schools and the board may deny tenure without a hearing or giving reasons for the denial *(Matter of Anderson v Board of Educ.,* 38 NY2d 897, affg 46 AD2d 360; *Matter of Sikora v Board of Educ.,* 51 AD2d 135). The determination of the Commissioner of Education upholding the nonrecommendation for and denial of tenure must be upheld upon judicial review if there is a rational basis for the determination *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Mills v Nyquist,* 63 AD2d 1060). Petitioner points to the fact that she received satisfactory ratings for her past teaching efforts as evidence she was arbitrarily denied tenure. The fact the superintendent found her teaching abilities adequate for nontenured teaching appointments does not mean that he found her competent for a tenured appointment. She argues that Principal Schwartz gave favorable reports on her teaching abilities. However, in those reports, the principal nowhere recognized her teaching skills as being excellent or superior. The record contains reports of three observations of petitioner's teaching performance which were unfavorable. The commissioner had a right to accept these reports and it cannot be said,

on this record, in the face of these reports, that the commissioner's action was arbitrary or capricious. Petitioner also claims that the unfavorable reports were the result of bias and prejudice arising out of a dispute she had with Assistant Superintendent Dr. Bert Nelson. But, the conclusion that Dr. Nelson and others were biased because of the dispute appears to be conjecture and lacks support in the record. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.