OPINION OF THE COURT

Per Curiam.

At issue is whether petitioners were entitled to a due process hearing either concerning their reassignment from work in the Bureau of Criminal Investigation to work as a uniformed State trooper, or in order to clear their names of any stigma arising from the incidents upon which the reassignment was predicated.
Since the regulations pursuant to which petitioners were assigned to the bureau state that one so appointed is "eligible for reassignment to the Uniform Force” (New York State Police Manual, art 11.11) and that "assignment to a noncompetitive position shall be during the pleasure of the Superintendent” (art 11.13), it is clear that petitioners had no "property right” which entitled them to a due process hearing before reassignment (Bishop v Wood, 426 US 341, 347; Board of Regents v Roth, 408 US 564, 578).
While the question whether petitioners were entitled to a hearing to clear their names of any stigma, in vindication of their "liberty interest”, is a closer question, we conclude, as did the Appellate Division, that they were . not. Petitioners base their claim of right to a hearing on statements made by State Police officials reported in two newspaper articles, the first of which appeared just before their reassignment and the second just after. The first acknowledged that an investigation was under way of reports that some troopers had been buying *460 clothes from shoplifters and selling them for a profit, and that the division would have to determine if there were grounds for criminal charges or whether the matter should be handled internally. The second, which is headlined "3 trooper detectives demoted”, stated that three detectives in the Rochester area had been demoted for "using poor judgment in handling stolen merchandise” and quoted the first deputy superintendent as saying "We found nothing that could substantiate any criminal charges. You might say it was a case of poor judgment — maybe stupid, but not criminal”, and made clear that reports that the individuals were dealing in stolen property were "erroneous”. Neither article identified petitioners by name.
Since petitioners were detectives assigned to the Rochester area and would in the customary use of language (cf. Weston v Commercial Advertiser Assn., 184 NY 479, 482) be understood to have been "demoted” from detective to uniformed service (rather than as is more technically correct, to have been "reassigned”), and since the State Police officials quoted in the newspaper articles may be presumed to have spoken for publication, the quoted language sufficiently concerned petitioners and was sufficiently published to warrant a hearing, where, as here, each petitioner expressly denies involvement in stolen merchandise sales (Codd v Velger, 429 US 624; Bishop v Wood, 426 US 341, supra; Board of Regents v Roth, 408 US 564, supra) provided only that the language used could properly be deemed "stigmatizing” in nature.
To be borne in mind, however, is that a "stigma” hearing is required "solely 'to provide the person an opportunity to clear his name’ ” (Codd v Velger, supra, at p 627; Board of Regents v Roth, supra, at p 573, n 12). When, as here, the statement as disseminated includes language which clears the employee of conduct that could be regarded as stigmatizing, there is no constitutional necessity for a hearing (Codd v Velger, supra, at pp 628-629). Since the deputy superintendent’s statement made clear that there was no criminal conduct and since petitioners’ retention in the uniformed force emphasizes that fact, there is left nothing more than that they were demoted for "using bad judgment in an association”. While petitioners may take umbrage at the "bad judgment” characterization, it is not a stigma of constitutional proportions.
There need only be added that while an entry in a personnel record may in some circumstances so stigmatize an indi *461 vidual as to require a hearing even though not immediately disseminated (cf. Codd v Velger, supra; Stukuls v State of New York, 42 NY2d 272, 282), there is no showing that the reason for reassigning petitioners appeared in their respective files until they requested reasons pursuant to applicable grievance procedures, or of whether all, or if not what portion, of the grievance material would be available to a future employer (see Public Officers Law, ■ § 89, subd 2, par [b], cl i), nor can it be said, for the reasons indicated above, that the file material considered as a whole constitutes a stigma of constitutional proportions.
The orders of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Orders affirmed.