■ In the Matter of CAROLYN MERHIGE, Appellant, v COPIAGUE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review respondents' determination denying petitioner tenure and terminating her services as a probationary teacher, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered October 9, 1979, which granted respondents' motion to dismiss the petition pursuant to CPLR 7804 (subd [f]) for failure to state a cause of action. Judgment reversed, with $50 costs and disbursements, and matter remanded to Special Term for further proceedings consistent herewith. In September, 1976 petitioner commenced a three-year probationary term as a reading teacher in the Copiague School District. Despite receiving favorable evaluations from her principal and reading co-ordinator during her probationary term, petitioner was notified by Superintendent Pultz in May, 1979 that she would not be recommended for tenure. Pursuant to the statutory right provided by section 3031 of the Education Law, petitioner requested the reasons for the superintendent's recommendation. In response, the superintendent's letter set forth the following: "1. Your failure to comply with the requirements clearly stated in the testing manual of the California Achievement Test, thus invalidating the results of this protest for Title I students. 2. Your acknowledgement that you violated these testing requirements since you did not feel that they were important in testing these particular students. 3. Your apparent unwillingness to accept the decision of your immediate superiors in regard to following the guidelines of the Title I Reading Program. 4. Your determination to follow directions only when you desire and only when you are in agreement with them. In light of these factors

and a careful determination of the critical need for a cooperative effort in developing effective and responsible programs for students, I must conclude that a positive recommendation for tenure to the Board of Education is not in the best interest of the school district." Petitioner filed a written response in which she vehemently and persuasively challenged the bases for the denial of tenure set forth in the superintendent's letter. In short, she alleged that her superiors were aware of the manner in which she administered the test in issue, and that previous tests had been administered in the same manner. The board of education subsequently adopted the superintendent's recommendation, and petitioner's services were terminated. Petitioner then instituted the instant CPLR article 78 proceeding, but Special Term granted the respondents' motion to dismiss the petition. This appeal followed. We now reverse and remand the matter to Special Term for further proceedings. Petitioner argues that respondents' determination to deny her tenure was arbitrary and capricious. We are in agreement with Special Term that this allegation is not a bar to the dismissal of her petition. A school board has broad discretion in determining whether to grant tenure to a probationary teacher (*Matter of Bergstein v Board of Educ.*, 34 NY2d 318, 322). This discretion is "unfettered" unless the teacher establishes that the board acted for a constitutionally impermissible reason or in violation of a statutory proscription (*Matter of Girards v Board of Educ.*, 40 NY2d 1020; *James v Board of Educ.*, 37 NY2d 891; *Matter of Stein v Island Trees Union Free School Dist.*, 60 AD2d 605). There is no such allegation here. Petitioner argues that section 3031 of the Education Law, by requiring that the superintendent state the reasons for his recommendation, mandates that such reasons have merit. It is asserted that judicial scrutiny of the superintendent's decision beyond that contemplated by *James v Board of Educ.* (*supra*) is therefore required. We reject this contention. Section 3031 of the Education Law was not intended to work such a change in existing substantive law (see Education Law, § 3031, subd [c]; *Matter of Anderson v Board of Educ.*, 46 AD2d 360, affd 38 NY2d 897). Rather, the statute was conceived as a procedural device to force the superintendent to lay bare the reasons for his recommendation so that the probationer could ascertain whether any were constitutionally or statutorily impermissible (see Memorandum of the Office of the Senate Temporary President, May 23, 1972). Irrespective of its effectiveness in achieving this end (see New York Education Law, Section 3031 as Fair Dismissal Procedure for the Probationary Teacher, or Fair Is Foul, 23 Buf L Rev 829), the statute does not restrict the broad discretion of the superintendent and the board of education in denying tenure and dismissing probationary teachers. Despite the foregoing, certain unresolved questions preclude the granting of the motion to dismiss the petition (see *Matter of Brooklyn Union Gas Co. v Cashmore*, 4 NY2d 727; *Matter of McCanless v Brieant*, 19 AD2d 736). In responding to petitioner's request, pursuant to section 3031 of the Education Law, for reasons why she was not being recommended for tenure, Superintendent Pultz set forth reasons which in essence charge petitioner with insubordination. Such a charge is sufficiently stigmatizing to a probationary employee to trigger the right to a due process hearing because rights, liberty, and property are affected (*Matter of Minor v County of Nassau*, 49 AD2d 882; *Matter of Civil Serv. Employees Assn. v Wallach*, 48 AD2d 923). Ambiguities exist on this record, however, as to the availability and dissemination of the stigmatizing information to potential future employers, and petitioner's right to a hearing revolves around the resolution of these ambiguities (see *Bishop v Wood*, 426 US 341; *McKnight v Southeastern Pennsylvania Transp. Auth.*, 583 F2d

1229, 1238). In *Matter of Goldberger (Board of Educ.)* (13 Ed Dept Rep 197) the commissioner of education implicitly recognized that reasons provided pursuant to a section 3031 request may trigger the right to a hearing if they are sufficiently stigmatizing to foreclose future employment opportunities. In *Matter of Petix v Connelie* (47 NY2d 457), the Court of Appeals noted that an entry in a personnel record may in some circumstances so stigmatize an individual as to require a hearing even though not immediately disseminated. *Matter of Yanoff v Commissioner of Educ. of State of N. Y.* (66 AD2d 919, mot for lv to app den 47 NY2d 711) contains an indication that reasons given pursuant to a section 3031 request may be conveyed solely to the probationary employee, and thus in some instances a hearing may not be required. Under these circumstances a remand is necessary to determine whether the stigmatizing reasons provided pursuant to petitioner's section 3031 request were made a part of her personnel file and whether such material is available to potential future employers so as to potentially foreclose future employment opportunities. Only upon a determination that a significant obstacle to securing future job openings has been established will petitioner be entitled to a hearing on the ultimate substantive charge of insubordination. *Matter of Petix v Connelie (supra)* contains the following cryptic clause (p 461): "there is no showing that the reason for reassigning petitioners appeared in their respective files until they requested reasons pursuant to applicable grievance procedures". Assuming that bargained for grievance procedures are to be treated the same as the statutory rights of section 3031 for purposes of analyzing problems such as the one here presented, we are uncertain as to the import of the quoted phrase. We therefore simply note our view that a probationary teacher who requests reasons for the denial of tenure pursuant to section 3031 does not thereby open herself to the insertion into her file of any stigmatizing material, no matter how baseless in fact, without an opportunity to refute that material, solely because she exercised a statutory right which the Legislature in its wisdom chose to provide for her. To voice an opposite view would render the rights of section 3031 not only illusory and unreasonably hazardous to exercise, but would in effect open up a potential for abuse without any counterbalancing benefit. Finally, we note that our decision in no way limits the power of respondents to determine whether to grant petitioner tenure. Should it ultimately be determined that the stigmatizing material meets the afore-mentioned requisite dissemination standards, and should petitioner ultimately prevail on her claim that she in fact was never insubordinate, she would still not be entitled to tenure. Rather, at such time as her record is clear of any reasons for the denial of tenure, the unfettered discretion of the board would have to be exercised anew. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.