■ IRVING KANTER et al., Respondents, v AUSTIN A. SCHLECKER et al., Defendants, and HERBERT I. WEINREB, Appellant. — In a medical malpractice action, defendant Herbert I. Weinreb appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated October 28, 1983, which denied his motion for summary judgment dismissing the complaint as against him. ¶ Order reversed, on the law, with costs, and motion for summary judgment granted on the ground that the action as against Dr. Weinreb is barred by the applicable Statute of Limitations. The action insofar as it is against Dr. Weinreb is severed. ¶ Under the circumstances presented, Dr. Weinreb, who attended plaintiff Irving Kanter during his doctor's absence due to vacation, was not, as Special Term found, "united in interest" with said plaintiff's doctor. Accordingly, the action as against Dr. Weinreb, which was commenced more than two and one-half years after the last date upon which he attended Mr. Kanter (CPLR 214-a), is time barred (see *Connell v Hayden,* 83 AD2d 30; *Grady v New York Med. Coll.,* 19 AD2d 426; see, also, *Feigelson v Ryan,* 108 Misc 2d 192, 198; cf. *Impastato v Di Girolamo,* 95 AD2d 845). Gibbons, J.P., Brown, Niehoff and Boyers, JJ., concur.

■ CAROLE MANGANARIS, Appellant, v BOARD OF EDUCATION OF MIDDLE ISLAND SCHOOLS et al., Respondents. — Judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 21, 1983, affirmed, with costs (*Matter of Juul v Board of Educ.,* 55 NY2d 648, affg 76 AD2d 837; *Matter of Anderson v Board of Educ.,* 38 NY2d 897, affg 46 AD2d 360). Mollen, P.J., Titone, Mangano and Lawrence, JJ., concur.