■ RONALD N. RANUS, Respondent, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously reversed on the law without costs and respondents' motion granted. Memorandum: Respondents appeal from an order of Special Term which denied their motion and granted petitioner's cross motion for summary judgment, ordering respondents to proceed with a destigmatization hearing concerning the reasons for the termination of petitioner's employment.

Special Term erred in concluding that a prior decision of this court (Ranus v Blum, 96 AD2d 1144) was "res judicata" and determined the matter which is the subject of this appeal. There, insofar as is pertinent to this appeal, we decided nothing more than that the petition stated a prima facie cause of action for a destigmatization hearing and that petitioner was entitled to discovery. Thus, the merits of petitioner's claim were never reached by this court. Thereafter, respondents answered the petition, discovery was had and summary judgment motions were made.

On our review of the record, we conclude that petitioner has failed to show entitlement to a destigmatization hearing. "[A]

discharged employee's entitlement to a due process hearing to clear his or her name accrues only when there has been a 'public disclosure' by the employer of stigmatizing reasons for the discharge *(Bishop v Wood,* 426 US 341, 348; see also, *Matter of Petix v Connelie,* 47 NY2d 457), thereby foreclosing the employee's freedom to take advantage of other employment opportunities *(Board of Regents v Roth,* 408 US 564, 573)" *(Matter of Lentlie v Egan,* 61 NY2d 874, 876). The only references to the reasons for petitioner's discharge are contained in an "unofficial, confidential" file kept by the Department. The Deputy Counsel in charge of the Department's Office of Administrative Hearings, who requested petitioner's immediate superior to prepare a confidential report, testified that these files are kept under "lock and key" and that no one routinely has access to such files. Future employers are not given access to these files nor the information contained therein. The matters in these files are not contained in petitioner's personnel file and all internal memos were deliberately kept out of official channels. No stigmatizing reasons for petitioner's termination were stated in his letter of termination.

Petitioner has failed to show that respondent publicly disseminated stigmatizing reasons for his termination. "[T]he mere fact that one officer within the agency in which petitioner was employed was familiar with some of the reasons for petitioner's demotion, does not establish that such information was publicly disseminated by respondents" *(Matter of Lentlie v Egan, supra,* at 876). (Appeal from judgment of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present —Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.