■ In the Matter of BERNARD BLUM, Appellant, v NATHAN QUINONES, as Chancellor of Board of Education of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Chancellor of the Board of Education of the City of New York which terminated the petitioner's employment as a probationary high school teacher, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated December 17, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner was a probationary high school teacher of biology and general science who was discharged for being late 117 times during the 1984-1985 school year and for unsatisfactory teaching performance documented by many reports. The petitioner claims he was not afforded a full hearing to review the Chancellor's decision to terminate his probationary status. However, it is well settled that employment of a probationary employee may be terminated without a hearing and without specific reasons being stated and, in the absence of bad faith, the determination must be upheld *(Matter of Ostoyich v State of New York,* 99 AD2d 839, *lv denied* 62 NY2d 605). There was no showing of bad faith.

The petitioner also seeks a declaration of his rights under his teaching license. This license has not been revoked by the Chancellor, and the granting of such relief is clearly unwar-

ranted. The petitioner further seeks a name-clearing hearing, claiming he has been stigmatized by the charge regarding his excessive tardiness. The petitioner has failed to submit any evidence of his being stigmatized and, therefore, such a hearing is unnecessary *(see, Matter of Petix v Connelie,* 47 NY2d 457; *cf., Matter of Merhige v Copaigue School Dist.,* 76 AD2d 926).* Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.