■ In the Matter of MARTIN P. HARRISON, Appellant, v GEORGE GOLDSTEIN et al., Respondents. [611 NYS2d 623] —In a

proceeding pursuant to CPLR article 78, *inter alia,* to review the respondents' determination denying the petitioner tenure and terminating his services as a probationary teacher, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered August 31, 1992, which dismissed the proceeding.

Ordered the judgment is affirmed, with costs.

The Supreme Court found that the determination not to recommend tenure for the petitioner was not arbitrary and capricious, nor was it in violation of the petitioner's constitutional rights. We agree.

Arbitrary action is without sound basis in reason and is generally taken without regard to the facts *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). The decision of the Superindentent must be upheld if there was a rational basis for the determination *(see, Matter of Yanoff v Commissioner of Educ. of State of N. Y.,* 66 AD2d 919). The Superintendent and the Board of Education have broad discretion in denying tenure and dismissing probationary teachers *(see, Matter of Merhige v Copiague School Dist.,* 76 AD2d 926). Tenure may be denied despite the achievement of satisfactory ratings during the probationary period *(see, Matter of Wilson v Macchiarola,* 79 AD2d 638; *Matter of Yanoff v Commissioner of Educ. of State of N. Y., supra).* Here, the Superintendent's letter dated May 5, 1992, sufficiently stated the reasons for his recommendation to deny tenure so as to comply with Education Law § 3031.

The petitioner contends the reasons stated in that letter were stigmatizing and therefore triggered a right to a due process hearing. A public employee is entitled to a due process hearing to clear his or her name only when dissemination of the charges has implicated the employee's good name, reputation, honor, or integrity, thereby foreclosing the employee's freedom to take advantage of other employment opportunities *(see, Board of Regents v Roth,* 408 US 564; *Matter of Lentlie v Egan,* 61 NY2d 874). Here, the reasons given were not stigmatizing and the petitioner has failed to establish that the reasons were actually publicly disseminated to anyone other than the petitioner and the appropriate school board officials in accordance with the mandate of Education Law § 3031 *(see, Matter of Lentlie v Egan, supra).* Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.