■ CARLOS-CESAR GARCIA, Appellant, v ANTHONY GILMORE et al., Respondents. [768 NYS2d 210]—

Order, Supreme Court, New York County (Faviola Soto, J.), entered November 8, 2002, which, inter alia, granted the motion of defendants Vincent Corazon, Peter McFarlane and New York City Board of Education for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion court properly granted summary judgment dismissing plaintiff's claim for damages based upon a violation of his liberty interest without due process of law since there is no evidence that the allegedly defamatory statements were

publicly disseminated (*see Matter of Swinton v Safir*, 93 NY2d 758, 764-767 [1999]). Defendant McFarlane's discussion of the allegations against plaintiff in the presence of plaintiff's union representative and with agency officials during the ensuing investigation did not constitute public dissemination (*see Matter of Lentlie v Egan*, 61 NY2d 874, 876 [1984]; *Matter of Harrison v Goldstein*, 204 AD2d 451 [1994], *lv denied* 85 NY2d 802 [1995]). In any event, the statements were protected by the "common interest" privilege since there is no evidence of malice (*see Foster v Churchill*, 87 NY2d 744, 751-752 [1996]; *Liberman v Gelstein*, 80 NY2d 429, 437-439 [1992]). Moreover, even if plaintiff's liberty interest had been affected, his claim would fail since he was given ample opportunity to clear his name and thereby afforded due process (*see Codd v Velger*, 429 US 624, 627-628 [1977]). Contrary to plaintiff's claim, the postdeprivation opportunity to clear his name comported with due process (*see Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 633 [1996], *cert denied* 519 US 1150 [1997]; *Rivera v Community School Dist. Nine*, 145 F Supp 2d 302 [2001]). Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.