■ In the Matter of Androniki (niki) Browne, Appellant, v City of New York et al., Respondents. [845 NYS2d 120]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the New York City Employees Retirement System (NYCERS), dated June

2, 2005, which, without a hearing, demoted the petitioner from her position as a provisional administrative manager L-2 to the position of associate staff analyst and to compel a name-clearing hearing, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated June 21, 2006, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the petition which was for a name-clearing hearing, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements.

Since the petitioner was a provisional employee, she could be demoted to her former position of associate staff analyst, without a hearing, in the absence of a showing that her demotion was in bad faith, or for a constitutionally impermissible purpose, or otherwise in violation of law (*see Matter of Swinton v Safir,* 93 NY2d 758, 762-763 [1999]; *Matter of Preddice v Callanan,* 69 NY2d 812 [1987]; *Matter of York v McGuire,* 63 NY2d 760, 761 [1984]; *Matter of Smith v Kingsboro Psychiatric Ctr. [KPC],* 35 AD3d 751, 751-752 [2006]; *Matter of Miggins v City of New York,* 286 AD2d 258 [2001]). However, in light of the factual dispute regarding whether there was public dissemination of the stigmatizing statement, the petitioner is entitled to a "name-clearing hearing" to afford her the opportunity to prove that the stigmatizing material purportedly in her personnel file is false (*see Matter of Swinton v Safir,* 93 NY2d at 764-765; *cf. Matter of Lentlie v Egan,* 61 NY2d 874, 876 [1984]; *Garcia v Gilmore,* 2 AD3d 195, 196 [2003]; *Matter of Harrison v Goldstein,* 204 AD2d 451, 452 [1994]; *Ranus v Blum,* 132 AD2d 983, 984 [1987]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.