OPINION OF THE COURT
John H. Pennock, J.
This is a motion by the defendants for summary judgment (CPLR 3212) upon the grounds that there are no triable issues of fact, and that there is no merit to the causes of action asserted in the complaint; and/or alternatively for a partial summary judgment (CPLR 3212, subd [e]) dismissing all causes of action in the complaint except such causes of action as are pleaded alleging a cause of action for breach of duty of fair representation pursuant to the Railway Labor Act (US Code, tit 45, § 151 et seq.); and limiting the trial to such cause of action surviving this motion. (CPLR 3212, subd [g].)
*171 The plaintiff opposes the motion for summary judgment; moves for an order of dismissal of all defenses raised in the answer (CPLR 3211, subd [b]); for an order directing the following substitutions pursuant to CPLR 1021: Mary Louise Glouce Arcuri as executor of the estate of John J. Arcuri, deceased, for John J. Arcuri, deceased; C. L. Dennis as president of the Brotherhood of Railway Airline Clerks (formerly Transportation-Communication Employees Union formerly Order of Railroad Telegraphers) as party defendant in this action in place of G. E. Leighty, deceased, former president of Transportation-Communication Employees Union (formerly Order of Railway Telegraphers) as a party defendant in this action; D. A. Bobo as secretary-treasurer of the Brotherhood of Railway and Airline Clerks as a party defendant in this action in place of L. H. Freeman, deceased, former treasurer of the Transportation-Communication Employees Union (formerly Order of Railroad Telegraphers); and the Brotherhood of Railway and Airline Clerks as a party defendant in this action in place of the Transportation-Communication Employees Union (formerly Order of Railroad Telegraphers) which merged into BRAC, and for an order directing that the summons and pleadings in this action be deemed amended so as to make the four substituted parties in this action the four parties defendant all without prejudice to any proceedings heretofore had in this action, and directing that all evidence taken in this action before the four-party substitution made by this motion shall stand and inure to the plaintiffs’ benefits as fully and completely as though the four substituted parties had been the original party defendants herein.
The motion was noticed for the May 21, 1976 Special Term in Rensselaer County Supreme Court. The cross motions are dated September 9, 1976. On oral argument counsel stipulated in respect to the substitution of Mary Louise Glouce Arcuri as executor and to the defendants’ withdrawal of that part of the motion which addressed itself to conspiracy on false representation for summary judgment. Memoranda of law were filed simultaneously with and subsequently to oral argument.
The first issue raised by the defendant which must be resolved before the court addresses itself to the sundry motions is the question whether Federal or State law controls the alleged wrongful conduct under the Railway Labor Act when such allegations are mixed with alleged breaches of common-law actions. The complaint on this motion, consisting of 75 *172 pages, asserted five causes of action. They assert that the defendant Transportation-Communication Employees Union owed them a duty to represent them fairly and that the union breached that duty and, inter alia, claim that the T. C. union officials conspired with the railroad to deprive plaintiffs of their right to employment and to protection under a labor agreement. It appears that the Railway Labor Act is the primary stage setting of the relationship of the parties and the defendants urge that since the act is a creature of Congress, Federal substantive law should control the action. The plaintiffs have alleged a cause of action in conspiracy. Of course, the allegations of a conspiracy alone mean nothing. The complaint must show a conspiracy for an unlawful purpose or that an unlawful purpose is to be carried out by unlawful means. (Baffin v Larkin, 36 AD2d 530, app dsmd 28 NY2d 800.) The law of conspiracy is less clear than other branches of the law and a full discussion of conspiracy is found in New York Jurisprudence, Conspiracy (vol 8, p 494). It does have some tortious relationship. The complaint of conspiracy is, in fact, derivative of the functions and duties of the union with respect to the plaintiff employees, members of the union, and thus the question as heretofore set forth arises.
The doctrine of pre-emption in labor law has been shaped primarily by two competing interests. The Supreme Court stated in Farmer v Carpenters (430 US 290, 295-296): "On the one hand, this Court has recognized that 'the broad powers conferred by Congress upon the National Labor Relations Board to interpret and to enforce the complex Labor Management Relations Act * * * necessarily imply that potentially conflicting "rules of law, of remedy, and of administration” cannot be permitted to operate.’ (Vaca v. Sipes, 386 U.S. 171, 178-179 (1967), quoting San Diego Unions Council v. Garmon [359 US 236, 242 (1959)]. On the other hand, because Congress has refrained from providing specific directions with respect to the scope of pre-empted state regulation, the Court has been unwilling to 'declare pre-empted all local regulation that touches or concerns in any way the complex interrelationships between employees, employers, and unions * * *’ Motor Coach Employees v. Lockridge [403 US 274, 289 (1971)].” It is a common fact in the courts of this State that the substantive law of Federal statutes and the procedural law of the State are tried in State courts. A glaring example is railroad employees actions under the Federal Employers’ Liability Act. (US Code, tit 45, § 51 et seq.)
*173 Moreover, the Federal and State laws would provide a forum for this damage suit and, unlike the labor board administrative procedures, permit the courts to award damages. The board, even if the grievance was timely filed, had no authority to provide the injured individual with damages or relief. Conversely, this State law action is unconcerned with whether the acts of conspiracy were in the labor context and the State court would have authority to determine if the conspiracy existed, and whether the conspiracy had all the necessary ingredients of common-law conspiracy to comply with State case law. (8 NY Jur, Conspiracy, p 494; Farmer v Carpenters, 430 US 290, supra.)
But the Supreme Court has recognized exceptions and has refused to apply the pre-emption doctrine to activity that is merely a peripheral concern of labor management relations, or touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, the Federal court could not infer that Congress had deprived the States of the power to act. (San Diego Unions Council v Garmon, 359 US 236, 243-244.)
In the Arcuri action before this court the primary thrust of the complaint is the injury to the plaintiffs in which they seek damages for the conspiracy as alleged, and for breach of duty owed them by the union and its officials. The alleged breach of the special rules and orders of the union constitution relationship are an issue of secondary relationship. It is not uncommon for State courts to take jurisdiction of labor related cases which are mixed with common-law tort actions.
Thus I find that the action is jurisdictionally proper and viable in the State court.
The other issues raised as to liability of the successor unions for damages has no merit on this summary judgment motion. The successor liability question is one of fact.
The motions for summary judgment by defendant and cross motion by plaintiffs are denied. The issues of fact are replete and must be determined by a plenary trial without prejudice to Trial Justice determinations at time of trial.
The motion of plaintiffs that the Brotherhood of Railway and Airline Clerks and both its president and its treasurer be substituted as party defendants is granted. The delay, when compared with the complexion of delay in this case, is inconsequential.
*174 I do not reach any finding in respect to defendants’ defense of the Statute of Limitations because proof shall be required of all the facts of the alleged overt acts before such determination can be made.
Further, the defenses of the defendants are not dismissed and the motion of defendants which would require the plaintiffs to be more specific and certain as to the causes of action they plead is denied.