OPINION OF THE COURT
Gerald Adler, J.
Upon the foregoing papers plaintiff, the District Attorney of Kings County, as claiming authority (CPLR 1310 [11]), moves for an order pursuant to CPLR 1317 (2) of the newly enacted *26 CPLR article 13-A (Proceeds Of A Crime — Forfeiture), to confirm the ex parte order of attachment granted on September 26, 1985 (Bellard, J.). On October 31, 1985 plaintiff, as claiming authority, levied upon defendant’s automobile, a 1984 Pontiac, vehicle identification number (VIN) No. 162AW87H3EN201001, as being the instrumentality of a crime. The forfeiture action will seek forfeiture of the automobile or, in the alternative, a money judgment in the sum of $11,125.
Defendant, the registered owner of the vehicle, cross-moves for an order denying the motion to confirm, dismissing the complaint and vacating the attachment on the ground that the plaintiff has failed to state a cause of action showing that the crime of operating a motor vehicle while under the influence of alcohol, as a felony, comes within the ambit of CPLR article 13-A, or that the statute permits the forfeiture of the automobile used by the allegedly intoxicated defendant or, in the alternative, for an order denying the motion to confirm and vacating the attachment in the interests of justice pursuant to CPLR 1311 (4).
The court has considered, in determining these motions, plaintiff’s motion papers, defendant’s motion papers, and plaintiff’s affirmation in opposition.
Defendant was indicted (indictment No. 5376/85) for the crime of operating a motor vehicle while under the influence of alcohol, as a felony (2 counts).
Two issues arise on this case of first impression. First, whether the crime of operating a motor vehicle while under the influence of alcohol, as a felony, is within the purview of the forfeiture statute (CPLR art 13-A). Second, if the crime of driving while intoxicated is encompassed by the forfeiture statute, whether the automobile used by the allegedly intoxicated defendant is an " '[ijnstrumentality of a crime’ ” (CPLR 1310 [4]).
As to the first issue defendant contends that various correspondence by governmental officials and agencies concerning the new statute (no commitee hearings were conducted),[1] as *27 well as Governor Mario Cuomo’s memorandum issued upon signing CPLR article 13-A into law (1984 McKinney’s Session Laws of NY, at 3627-3628), indicate that the statute is limited to crimes involving drug trafficking, white-collar crime and criminal activity involving organized crime. The court finds no such limitation within those memoranda and correspondence.
In fact, Governor Cuomo’s memorandum issued upon his signing article 13-A states that "[i]n broad terms, the bill permits forfeiture of property obtained through the commission of a felony” (1984 McKinney’s Session Laws of NY, at 3627; emphasis added). Furthermore, the budget report on bills dated July 18, 1984 states: ”[t]his bill would allow the law enforcement community to seize the instrumentalities of crime as well as the proceeds and substituted proceeds of a crime. As such it constitutes an additional effective weapon in the effort to reduce and control criminal activity” (emphasis added).
Furthermore, the Legislature has expressed on previous occasions an intention to rid the roads of intoxicated drivers. In adding increased penalties for driving while impaired and driving while intoxicated (Vehicle and Traffic Law § 1192) the Legislature stated: "New York state has long had laws intended to prevent individuals who have consumed excessive amounts of alcoholic beverages from driving. These laws have been enacted because intoxicated drivers are far more likely to become involved in accidents than those who have not been drinking. In fact, alcohol is a factor in more than half of all vehicular fatalities, despite the fact that the state has laws against driving while intoxicated. Because of the persistence of this problem, it is essential that the state take further steps to protect those who make use of roads from the needless deaths, injuries, and property damage resulting from drunk driving.” (L 1981, ch 913, § 1; 1981 McKinney’s Session Laws of NY, at 1832; McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1192, 1986 Supp, pp 62-63; see also, Vehicle and Traffic Law § 1192 [5].)
Even if defendant’s contention regarding legislative intent were correct defendant’s argument must be rejected. In construing a statute if the words are clear, "resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). Here, the words of the statute are clear.
CPLR 1311 (1) (a) provides that: "[a]n action relating to a *28 post-conviction forfeiture crime must be grounded upon a conviction of a felony defined in subdivision five of section one thousand three hundred ten of this article”.
CPLR 1310 (5) defines a " '[p]ost-conviction forfeiture crime’ ” as "any felony defined in the penal law or any other chapter of the consolidated laws of the state” (emphasis added). As the crime of operating a motor vehicle while under the influence of alcohol, as a felony, is a felony contained in the Vehicle and Traffic Law, which is part "of the consolidated laws of the state”, it is a " '[p]ost-conviction forfeiture crime’ ” (Vehicle and Traffic Law § 1192 [2], [3], [5]; CPLR 1310 [5]).
Moreover, had the Legislature intended to limit the statute as suggested by defendant it would have so stated. (For example, Penal Law § 410.00 [the seizure and forfeiture of equipment used in making, etc., pornographic stills or motion pictures, and permits the forfeiture of vehicles used in connection therewith]; Penal Law § 415.00 [the seizure and forfeiture of vehicles and aircraft used to transport or conceal gambling records]; Tax Law former § 477-a [the seizure of any vehicle or other means of transportation used to convey more than 100 unstamped or unlawfully stamped packages of cigarettes]; Public Health Law § 3388 [the seizure and forfeiture of vehicles, vessels and aircraft which have been unlawfully used to conceal, convey or transport controlled substances].)
The court finds, in the absence of any specific language to the contrary, that the crime of operating a motor vehicle while under the influence of alcohol, as a felony, is within the purview of CPLR article 13-A and is a postconviction forfeiture crime (CPLR 1310 [5]).
Having found that the crime of operating a motor vehicle while under the influence of alcohol, as a felony, is within the ambit of CPLR article 13-A, the court must now determine the second issue: whether the automobile used by the alleged intoxicated defendant is an " '[instrumentality of a crime’ ” (CPLR 1310 [4]).[2]
*29 The Legislature may provide for forfeiture of certain property, the possession of which is not illegal but "when used in connection with the prohibited activities” facilitates the illegal activity (Short Stop Indus. Catering Corp. v City of New York, 127 Misc 2d 363, 367, citing 44 NY Jur, Penalties & Forfeitures, § 31, at 226).
CPLR 1310 (4) defines " '[instrumentality of a crime’ ” as "any property * * * whose use contributes directly and materially to the commission of a crime defined in [subdivision] five * * * hereof ” (emphasis added).
The crime of driving while intoxicated is committed by an intoxicated person driving a motor vehicle. The automobile "contributes directly and materially to the commission” of the crime of operating a motor vehicle while under the influence of alcohol, as a felony (CPLR 1310 [4]).
The court finds that the automobile driven by defendant while he was allegedly intoxicated is an "instrumentality” of the postconviction forfeiture crime of operating a motor vehicle while under the influence of alcohol, as a felony (CPLR 1310 [4], [5]).
The court must also determine if the claiming authority has proved "the grounds for the attachment, the need for continuing the levy and the probability that [she] will succeed on the merits (see, CPLR 1317 [2]; 1329 [2]).” (Dillon v Schiavo, 114 AD2d 924, 925; Holtzman v Samuel, 130 Misc 2d 976.) Defendant does not contest that plaintiff has done this. The court finds from the evidence submitted by plaintiff in support of her motion to confirm that she has met the requirements of the statute.
Furthermore, the serious nature of the crime with which defendant is charged, the need to preserve the automobile, as well as defendant’s apparent drinking and driving habits (he *30 has two prior driving while under the influence of alcohol convictions — June 27, 1984 and January 9, 1985) far outweigh any inconvenience to defendant or his family. For that reason the court will not exercise its interests of justice jurisdiction pursuant to CPLR 1311 (4) as requested by defendant.
The court finds that the plaintiff, as claiming authority, has proved the elements necessary to confirm the order of attachment. The court grants the motion to confirm and denies defendant’s cross motion in its entirety.

. Defendant referred to a memorandum from State Attorney-General Robert Abrams dated July 12, 1984, a memorandum from Jay M. Cohen of the New York State Criminal Justice Services dated July 6, 1984, Paul S. Hudson, counsel, Criminal Victims Board, Legislative memorandum dated July 11, 1984, Business Counsel of New York State in a letter dated July 10, 1984.

. Florida’s forfeiture statute is closest to ours, but fails to define the word "instrumentality” (23 Fla Stats Ann § 932.701 [2] [e]). The Florida courts have attempted to do so but have been inconsistent and narrow in their interpretation. In City of Indian Harbour Beach v Damron (465 So 2d 1382, 1383 [Fla 5th DCA 1985]) the term instrumentality was defined as "a means or assists in the commission of an offense; it is ancillary to the commission of the offense, rather than an element of the offense itself’. The *29 Damron court stated that an instrumentality must assist in the commission of another, different felony. The Damron court therefore held that an instrumentality of the crime of possession of an unregistered aircraft was not the aircraft itself (accord, Pheil v Griffin, 469 So 2d 942 [Fla 5th DCA 1985]; In re Forfeiture of One Cessna 337H Aircraft, 475 So 2d 1269 [Fla 4th DCA 1985]). In In re Forfeiture of One 1978 Ford F250 Truck (438 So 2d 1023 [Fla 5th DCA 1983]) the court held that a short barrelled shotgun was the instrumentality by which the crime of possession of that article was committed. In Commonwealth v One 1970, 2 Dr. H.T. Lincoln Auto. (212 Va 597, 186 SE2d 279) the Supreme Court of Virginia held that an automobile was an instrumentality used in the commission of the crime of driving without a permit.