OPINION OF THE COURT
Allan L. Winick, J.
The plaintiff claiming authority moved pursuant to CPLR 3212 for an order striking the defendant’s answer and directing the entry of summary judgment in favor of the plaintiff. Defendant opposes the motion.
The defendant was served with a copy of the summons and complaint on September 13, 1985, and prepared his verified answer and demand for a bill of particulars on October 1, 1985. Plaintiff served defendant with a verified response to demand for a bill of particulars on October 15 and a notice to admit the truth of facts on March 4, 1986. Defendant has not answered the notice to admit the truth of facts.
The action is one to recover the instrumentality of a crime pursuant to CPLR article 13-A, to wit: a 1972 Cadillac. The defendant, owner of the vehicle, pleaded guilty to operating a motor vehicle while under the influence of alcohol as a felony on July 22, 1985, in satisfaction of indictment No. 60339. The claiming authority has established to this court’s satisfaction that the defendant’s vehicle is subject to forfeiture.
With regard to establishing the value of the automobile, in the event that the vehicle is unavailable for turnover to the claiming authority, the court is not so satisfied.
The claiming authority in its complaint requested as an alternative a money judgment in the sum of $500. The instant application seeks a money judgment in the amount of $500. The only proof offered, as to the value of the subject automobile, is the affidavit of an investigator employed by the Nassau County District Attorney’s office. The investigator "determined the value” of the subject vehicle by averaging the asking prices of various model Cadillacs offered for sale in the November 4-10, 1985 edition of the Buy-Lines Press. The six 1972 Cadillacs offered for sale ranged in price from $350 to $1,200 and included the following models: Eldorado, Coupe De Ville, Sedan De Ville and Fleetwood. The claiming authority has not disclosed the model of the subject vehicle. Where there are so many models and such a discrepancy in asking prices, the valuation offered by the claiming authority is *1079 meaningless. Even where a similar model is offered for sale the asking price does not establish the value of the car offered for sale nor does it establish the value of this subject vehicle. There is no proof that that vehicle sold for the asking price or that it was in the same or similar condition and contained the same equipment and options as the subject vehicle. Such additional information would be evidence of the value of the vehicle. Absent additional evidence of value a money judgment will not be entered.
Summary judgment "is considered a drastic remedy which should only be employed where there is no doubt as to the absence of triable issues” (Andre v Pomeroy, 35 NY2d 361, 364 [1974]; Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]; Gibbons v Hantman, 58 AD2d 108 [2d Dept 1977]). A motion for summary judgment should not be granted unless it clearly appears that there are no "material” or "arguable” questions of fact, which would be properly presented to and resolved by the trier of fact. (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439 [1968]; Monacelli v Armstrong, 64 AD2d 428 [4th Dept 1978]; Arcuri v Leighty, 95 Misc 2d 170 [Sup Ct, Rensselaer County 1977].) "[W]hen there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated” (Andre v Pomeroy, 35 NY2d, at p 364).
Defendant, opposing a motion for summary judgment, must "come forward with proof of evidentiary facts showing the existence of a genuine issue” (Federal Deposit Ins. Corp. v Hyer, 66 AD2d 521, 530 [2d Dept 1979]). The plaintiff’s establishment of a prima facie right to judgment causes it then to be "defendants’ obligation not only to rebut that prima facie showing but also to demonstrate the existence of a triable issue of ultimate fact by presenting proof in evidentiary form” (Bethlehem Steel Corp. v Solow, 51 NY2d 870, 872 [1980]). In the instant case, neither defendant’s verified answer, nor the affidavit in opposition proffers any arguable issues that would defeat the plaintiff’s application for summary judgment.
Defendant’s request for a dismissal in the interests of justice is denied. Defendant failed to establish any compelling factor, consideration or circumstance to demonstrate that the forfeiture of the vehicle would not serve the ends of justice. This court is convinced that the forfeiture of the car may be the only way to keep this defendant off the road. His record *1080 clearly shows that he has driven without a license and, despite court intervention, has continued to do so. The value of the instrumentality in this case is minimal, but the cost to society is dear. The defendant may not have recognized any profit from his crime, but he put innocent people at risk. Any inconvenience suffered by this defendant pales by comparison to the danger this defendant has inflicted on his community. The interests of justice mandate that the instrumentality of the defendant’s crime, the 1972 Cadillac, be forfeited.
Plaintiff has established a cause of action to warrant this court as a matter of law to direct judgment in favor of the plaintiff if, and only if, the defendant still owns the vehicle in question. In the event the vehicle is not available for turnover by the defendant to the claiming authority, plaintiff’s request for the alternative relief of judgment against the defendant in the amount of $500 is denied.
Therefore, with respect to the issue of defendant’s liability summary judgment is granted. Should it become necessary to establish damages due to the unavailability of the subject vehicle, inquest will be held to determine the value of the vehicle at the time the crime was committed as well as any appreciation in value to date of inquest.