*877 OPINION OF THE COURT
Nicholas Coffinas, J.
The District Attorney has moved pursuant to CPLR article 13-A for the forfeiture of defendant’s automobile as the instrumentality of a felony he had committed, as well as for the sum of $60 representing the proceeds of said crime.
The matter is before this court through administrative direction.
The District Attorney’s motion is denied in part and granted in part.
CPLR 1311 authorizes the District Attorney to commence an action against a criminal defendant to recover property that constitutes an instrumentality of a felony or the proceeds of said felony.
In the case at bar, defendant pleaded guilty before this court on March 17, 1987, to the felony of attempted robbery in the second degree, under indictment No. 407/87. Though the indictment voted by the Grand Jury had charged the crime of robbery in the second degree, the District Attorney nonetheless importuned defendant to relinquish his previously entered not guilty plea and plead instead guilty to the lesser count of attempted robbery in the second degree. Furthermore, it was the District Attorney itself which specifically recommended a sentence of probation — no further sanctions of any kind were requested by the People to be imposed.
This court holds that the District Attorney should under the circumstances be estopped from now — subsequent to defendant’s plea — demanding the forfeiture of defendant’s automobile since the defendant demonstrably relied on the District Attorney’s promise regarding the extent of his liability that it would be seeking for this crime’s commission and detrimentally and materially altered his position accordingly.
Though CPLR 1311 is couched in terms of a "civil remedy”, defendant suffers no less a hardship and one that he very well may have avoided by discussing and negotiating on this point at the prepleading conference had the District Attorney disclosed to the defendant and his attorney its full intent regarding the full extent of the retribution it was seeking for this crime. Community service, for example, may have been considered an alternative or perhaps the defendant would not have pleaded guilty at all. In either event, though, defendant would have had his rightful opportunity for an "informed decision” regarding his felony plea.
*878 It should be noted that we are not here dealing with an independent agency such as a State licensing board or the Department of Immigration that seeks a civil remedy from a criminal defendant who has pleaded guilty to a crime. Rather, wre are dealing here with the precise agency — the District Attorney’s office — that was itself a direct active participant in this entire plea process and it was itself a primary inducer of this guilty plea through its representations that a sentence of probation would be the retribution it was seeking with no further obligations or conditions. No fine, restitution or reparation of any kind was sought by the District Attorney to be imposed nor any mention ever made by it of any intent on its part to later act against defendant’s property. Surely, under these circumstances defendant could reasonably rely on this implied understanding that in the absence of newly discovered facts and circumstances this same agency would not be seeking any further retribution from him for the same underlying act of which he pleaded guilty and for which he now sports a felony record with its attaching stigma and probation obligations which the District Attorney itself recommended.
Though falling somewhat short of "double jeopardy”, this court holds that such a forfeiture under these circumstances would contravene the interests of justice in its penalizing the defendant for his good-faith reliance on the District Attorney’s express and implied "plea conference representations” which induced him to change his position and instead plead guilty to this crime.
The court notes that no new facts and circumstances underlying the commission of this crime have come to the District Attorney’s attention since the plea conference which would in any way warrant it now disclosing for the first time its forfeiture demand at issue. Indeed, the Grand Jury minutes which the District Attorney itself cites clearly delineated the specific acts of the defendant vis-á-vis the automobile at issue.
For the foregoing reasons, the District Attorney’s motion insofar as it seeks forfeiture of defendant’s automobile is denied in the interests of justice as per CPLR 1311 (4) as well as pursuant to the Due Process Clause as contained in the US Constitution.
The District Attorney’s second aspect of its motion, however, stands in a different light. Unlike the automobile situation where defendant merely wishes the retention of his own property which was not in itself contraband or the fruit of a *879 crime and which based on the plea conference representations by the District Attorney he could reasonably expect to retain, no convicted criminal defendant can legitimately expect the retention of direct proceeds of a felony to which he or she has committed. Therefore, the District Attorney’s motion insofar as it seeks from the defendant the sum of $60 as proceeds of this robbery is granted pursuant to CPLR article 13-A.