OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff, claiming authority, moves for an order confirming the ex parte order of attachment granted on January 27, 1987. The defendant opposes the confirmation of the order of attachment.
Upon a motion to confirm, the provisions of CPLR 1329 (2) shall apply (CPLR 1317 [2]). It is incumbent upon the claiming authority to establish the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits. (CPLR 1329 [2].)
In order to establish the grounds for attachment the claiming authority must establish that (a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate. (CPLR 1312 [3].)
CPLR 1312 (3) (a)
This court shall be bound by the decision of the County Court Judge presiding over the underlying criminal case with respect to the exclusion or suppression of the contents of the intercepted communication or evidence derived therefrom (CPL 700.65 [3]).
For the purpose of determining whether the claiming authority has established a substantial probability of success on the issue of forfeiture this court will look to the affirmations, affidavits and exhibits submitted, including excerpts from the transcripts of intercepted communications. An eavesdropping warrant is presumed to be valid. (People v Manuli, 104 AD2d 386 [2d Dept 1984].) In the absence of a decision of the County Court Judge suppressing or excluding the evidence derived from the eavesdropping warrant or the contents of the intercepted communication this court will consider all that has been submitted. Having done so, this court finds that the *697 claiming authority has established a substantial probability of success. (CPLR 1312 [3] [a].)
The claiming authority has also shown that failure to confirm the ex parte order may result in the property being destroyed, removed from the jurisdiction of the court or otherwise unavailable for forfeiture. The defendant has communicated his need of the attached funds to meet his living expenses. The defendant would expend unknown sums if that money is made available to him which would, of course, result in less property being available for forfeiture. The claiming authority has also advised the court of an attempt by the defendant to satisfy gambling debts via a stock account opened for the benefit of another. The defendant’s substantial roots in the community do not guarantee the preservation of the status quo.
CPLR 1312 (3) (b)
The claiming authority further establishes that the need to preserve assets outweighs the hardship suffered by the defendant. Based upon all of the information before this court it is clear that the defendant still has access to some funds and the use of much of his property. Indeed, when advised that the defendant had drawn drafts on certain bank accounts before he was notified of the attachment the claiming authority consented to the release of the funds in those accounts. The combined balance of the accounts was $44,658.28.
At this time, there is no factual basis advanced by the defendant for the assertion that the seizure of his property effectively deprives him of his constitutional right to counsel.
This court need not deal with this thorny issue until such time as a factual basis for the claim is advanced.
There is nothing in the determination of this confirmation motion to prevent the defendant from applying to this court in the future, for release of his funds, pro tanto, so that his right to counsel will not be thwarted.
CPLR 1318 (2)
Within 10 days after the granting of an order of attachment, the claiming authority shall file it and the other papers upon which it was based and the summons and complaint or proposed complaint in the action. (CPLR 1318 [2].) The complaint or proposed complaint has not been filed. Defendant *698 made a demand for service of the complaint pursuant to CPLR 3012 (b) on March 27, 1987. Plaintiff has not filed an affidavit of service and it cannot otherwise be determined based upon the papers submitted and the court file, whether the complaint was served. Pursuant to CPLR 1318 (2), the order shall be invalid if not so filed unless the time for filing has been extended. No such extension has been granted. The order of attachment may be invalid. (CPLR 1318 [2].) The claiming authority is directed to submit to this court within five days of the date of this order, proof of a timely filing pursuant to CPLR 1318 (2).
This court will consider a motion for an extension, nunc pro tunc, of the time for filing only upon good cause shown within five days of the date of this order.
CPLR 1311 (1) (a)
The claiming authority is reminded that pursuant to CPLR 1311 (1) (a) a superior court information or indictment must be filed within 60 days of the commencement of a forfeiture action. This action was commenced on January 27, 1987. The indictment was not handed up until April 22, 1987. "An action under this paragraph must be dismissed at any time after sixty days of the commencement of the action unless the conviction upon which the action is grounded has occurred, or an indictment or information upon which the asserted conviction is to be based is pending in a superior court”. (CPLR 1311 [1] [a].) Inasmuch as the indictment is now pending and the defendant failed to move for dismissal of this action pursuant to CPLR 1311 (1) (a) the action will not be dismissed sua sponte.
DAMAGES — CPLR 1318 (4)
The factual allegations submitted by defendant in support of his application for damages are insufficient to prove by a preponderance of the evidence that in obtaining the order of attachment the claiming authority acted without reasonable cause and not in good faith. The claiming authority shall not be liable to the defendant for all costs and damages, nor reasonable attorney’s fees.
CROSS MOTION PURSUANT TO CPLR 1328
Defendant’s motion for a discharge of attachment is denied. The defendant has not indicated his willingness to give an *699 undertaking in an amount equal to the value of the property sought to be discharged.
The safe-deposit box in the names of the defendant and his wife, at the Dime Savings Bank shall remain sealed. The contents thereof will thus be preserved for forfeiture should the claiming authority ultimately succeed. The defendant’s Fifth Amendment privilege raised in regard to the contents of the box is also protected until a final determination is made on the issue of forfeiture.
The fate of defendant’s interest in the Ocean Club Condominium, 1984 Chrysler and 1985 Cadillac was previously determined in a prior decision of this court dated April 3, 1987.
Defendant challenges the constitutionality of CPLR article 13-A in that it violates his Fifth Amendment rights and due process. The thrust of his argument is that he must give up his Fifth Amendment right to silence in order to exercise his due process right to be heard. The statute provides for a discharge of attachment if the defendant gives an undertaking in an amount equal to the value of the property or debt sought to be discharged (CPLR 1328). The forfeiture action is stayed until the underlying criminal case is completed. (CPLR 1311 [1] [a].) Further, there can be no forfeiture until a conviction has occurred (CPLR 1311 [1] [a]; Morgenthau v Citisource, Inc., 68 NY2d 211 [1986]). Due to the clandestine nature of the underlying criminal charges the proceeds cannot be determined, at this preliminary stage, with absolute certainty. A just and reasonable estimate of proceeds may, however, be based on relevant data, relying on probable and inferential as well as upon direct and positive proof. (Bigelow v RKO Radio Pictures, 327 US 251 [1946]; accord, Story Parchment Co. v Paterson Co., 282 US 555 [1931]; Eastman Kodak Co. v Southern Photo Co., 273 US 359 [1927].) Based upon the information provided to the court, the estimate of the proceeds is reasonable.
CONCLUSION
The forfeiture statute provides little guidance to the parties and courts faced with the task of interpreting and applying its often obscure provisions. This court invites the Legislature to clarify the statute to allow uniform application in all civil forfeiture actions (see, discussion of CPLR 1311 [1] [a]; 1312 [3]; 1318). The County Court has subject matter jurisdiction over *700 matters where the amount sought to be recovered or the value of the property does not exceed $25,000, and over such other actions and proceedings not within the exclusive jurisdiction of the Supreme Court, as may be provided by law (NY Const, art VI, § 11). CPLR 1310 (7) defines court as a "superior court”. This court deems the County Court monetary limitation inapplicable to civil forfeiture actions because the Legislature provided for jurisdiction in a superior court (defined in CPL 10.10 as the Supreme Court or a County Court).
The defendant’s cross motion is denied. The claiming authority’s motion for an order confirming the attachment is granted subject to the timely submission of proof of filing pursuant to CPLR 1318 (2).