OPINION OF THE COURT
Allan L. Winick, J.
By order to show cause granted May 11, 1987, the plaintiff *136 claiming authority has moved for an order confirming an ex parte order of attachment (Winick, J.) granted and served upon the above-captioned defendant on May 8, 1987.
Pursuant to the ex parte order of attachment, the plaintiff claiming authority, through its claiming agent, has seized an oil tank trailer and tractor ostensibly belonging to the defendant, as an "instrumentality” of the crime of grand larceny in the third degree, of which the defendant was convicted by guilty plea on January 6, 1987. The plaintiff claiming authority now seeks to confirm that ex parte order. In support of his application, the plaintiff claiming authority has submitted the affirmation of Assistant District Attorney Eric B. Bettelheim, dated May 11, 1987. That affirmation incorporates by reference the ex parte order and all of the papers submitted in support of it, including inter alia: an affirmation dated May 8, 1987; the transcript of the defendant’s plea of guilty; copies of the summons with notice, verified complaint, and the affidavit of an expert who inspected and tested the alleged criminal instrumentality.
In opposition to the instant application, the defendant has submitted an affidavit from its attorney, sworn to July 14, 1987. In it, the defendant argues that the ex parte order of attachment should not be confirmed on the following grounds:
(1) the corporate entity which owns the now seized tractor trailer is separate and distinct from the corporate entity convicted of grand larceny in the third degree;
(2) the plaintiff claiming authority has not met its statutorily imposed burden of proof (CPLR 1312 [3]; 1317 [2]);
(3) a civil forfeiture action may not be maintained against a corporate entity (CPLR 1310 [8], [9], [10);
(4) the attachment in this case must be limited to the amount of the proceeds criminally obtained, which is far less than the value of the seized tractor trailer (CPLR 1311 [8]); and
(5) the attachment should be vacated in the interest of justice because "this unfortunate episode” has already "cost” the defendant $125,000 exclusive of the approximate value of the tractor trailer now sought to be forfeited (to wit: $45,000). Not surprisingly, the plaintiff claiming authority has submitted an affirmation replying to each of the defendant’s arguments.
Based upon all of the papers submitted in this matter, and for the reasons to be set forth herein, the application of the *137 plaintiff claiming authority to confirm the ex parte order of attachment issued May 8, 1987 is granted. The defendant’s cross motion to vacate that ex parte order is in all respects denied.
To obtain an ex parte order of attachment, the burden is upon the plaintiff claiming authority to demonstrate to the court’s satisfaction:
(a) that there is a substantial probability that the claiming authority will prevail on the issue of forfeiture;
(b) that there is a substantial probability that failure to enter such order may result in the property being destroyed or otherwise becoming unavailable for forfeiture; and
(c) that the need to preserve the availability of the property outweighs the hardship on any party against whom such order may operate. (See, CPLR 1312 [3].)
This court made such determinations on May 8, 1987, when the instant ex parte order of attachment was issued. Then, on a motion to confirm such an order, the plaintiff claiming authority must further establish:
(a) the grounds for the attachment;
(b) the need for continuing the levy; and
(c) the probability that he will succeed on the merits of the forfeiture action. (See, CPLR 1317 [2]; 1329 [2].)
In the instant case, the plaintiff claiming authority has established these prerequisites to the satisfaction of this court. (Dillon v Schiavo, 114 AD2d 924, appeal dismissed 67 NY2d 605; Dillon v Bialostok, 136 Misc 2d 695.) The plaintiff claiming authority has properly commenced a civil forfeiture action (CPLR 1311), against a criminal defendant (CPLR 1310 [9]), based upon a conviction for a postconviction forfeiture crime (CPLR 1310 [5]), seeking the forfeiture of an instrumentality of that crime (CPLR 1310 [4]). (But see, People v Roman, 136 Misc 2d 876, 877-878; Dillon v Bialostok, supra, at 697-698.) He has established, as to the grounds for the attachment and as to the need for continuing the levy, the possibility that the instrumentality may be dissipated and that evidence central to the civil forfeiture action may be altered. This has been done in part through the words of defendant’s own counsel. He has further established, through presently uncontradicted documentary evidence and sworn allegations of fact, a substantial likelihood of success on the merits in the forfeiture action. (CPLR 1317 [2]; Dillon v Bialostok, supra, at 696-697.) There is nothing in the defendant’s papers which overcomes *138 the showing made by the plaintiff claiming authority. This court is satisfied that the plaintiff claiming authority has met his statutory burden for continuing the attachment.
As noted above, the defendant also has- raised several other specific objections to confirmation of the ex parte order of attachment. Those contentions are disposed of as follows:
(a) Improper Party Defendant: Aside from merely making the assertion, the defendant has submitted no real documentary evidence in support of its claim that the defendant in the underlying criminal case is a legal entity separate and distinct from the alleged owner of the instrumentality of that crime. Court records from the underlying criminal action indicate the contrary to be true. On the state of the record presently before this court, the corporate entity which it is claimed owns the tractor trailer in issue here is the same corporate entity which entered a plea of guilty to grand larceny, third degree, on January 6, 1987, in satisfaction of Superior Court information No. 64927.
(b) CPLR Article 13-A Is Not Applicable to Corporations: This contention is clearly without merit. (General Construction Law § 37; Morgenthau v Citisource, Inc., 68 NY2d 211, 215, n 2.)
(c) Limitation on Attachment Amount: The instant action seeks the forfeiture of an "[instrumentality of a crime”. (CPLR 1310 [4].) Such an action is clearly authorized by statute (CPLR 1311 [1]), and is not limited by the value of the proceeds or substituted proceeds of the crime of which the defendant was convicted. (CPLR 1311 [8]; cf., Dillon v Castelli, 132 Misc 2d 1077; Holtzman v Bailey, 132 Misc 2d 25; see generally, Kessler, Taking the Profit Out of Crime: Asset Forfeiture, 59 [No. 5] NY St BJ, at 48 [July 1987].)
(d) Interest of Justice: Under the forfeiture statute, the court is empowered to dismiss a forfeiture action, or to limit the amount of recovery to the proceeds or substituted proceeds of a crime, in the "interest of justice”. (CPLR 1311 [4] [a] [i], [ii].) Such relief is warranted by the existence of "some compelling factor, consideration or circumstance demonstrating that forfeiture of the property o[r] any part thereof, would not serve the ends of justice.” (CPLR 1311 [4] [d].) In determining such an application, the court "may” consider, among other factors:
"(i) the seriousness and circumstances of the crime to which *139 the property is connected relative to the impact of forfeiture of property upon the person who committed the crime; or
"(ii) the adverse impact of a forfeiture of property upon innocent persons; or
"(iii) the appropriateness of a judgment of forfeiture in an action relating to pre-conviction forfeiture crime where the criminal proceeding based on the crime to which the property is allegedly connected results in an acquittal of the criminal defendant or a dismissal of the accusatory instrument on the merits; or
"(iv) in the case of an action relating to an instrumentality, whether the value of the instrumentality substantially exceeds the value of the property constituting the proceeds or substituted proceeds of a crime.” (CPLR 1311 [4] [d].)
In the instant case, the value of the instrumentality sought to be forfeited is clearly and substantially in excess of the proceeds of the crime of which the defendant was convicted. Furthermore, the defendant has made restitution of those proceeds to the ostensible victim of the crime. However, there is no indication that forfeiture here will have an adverse impact upon innocent persons. Further, this court considers the type of crime involved here to be serious and the circumstances of this crime to be particularly despicable. The defendant here saw fit to "rip-off” already overburdened Nassau County taxpayers and chose the Massapequa Public School District as the taxpayer-supported agency to be victimized. Here, victimizing the school district also victimized its children. Abusing taxpayers and callously appropriating funds intended to educate the young are not matters which may be lightly brushed aside. They certainly outweigh the value consideration of CPLR 1311 (4) (d) (iv) relied upon by the defendant here. (Cf., Dillon v Castelli, supra, at 1079-1080.) Finally, the defendant does not give any indication of the ultimate impact of the forfeiture on its viability as a business entity. It therefore appears to this court, from the state of this record, that the interests of justice will be better served by allowing this forfeiture action to proceed.
Based upon the foregoing, the plaintiff claiming authority’s application to confirm the ex parte order of attachment is granted. The defendant’s cross motion to vacate the attachment and dismiss the action is denied.