OPINION OF THE COURT
Allan L. Winick, J.
In this civil forfeiture action commenced pursuant to CPLR article 13-A, plaintiff, Denis Dillon, the District Attorney of Nassau County, as claiming authority, moves for an order granting him summary judgment awarding him a money judgment-in the amount of $4,250. Said amount representing the purported value of the instrumentality of a crime, an *34 automobile, used by the defendant in violation of Vehicle and Traffic Law § 1192 (2), the operation of a motor vehicle while intoxicated.
The plaintiff neither alleged in the complaint nor did he prove on this motion that the defendant possesses any interest in the subject vehicle. The court, for the reasons that follow, must therefore deny plaintiffs motion for summary judgment and dismisses the complaint for failure to state a cause of action.
THE PLEADINGS
The summons recites that this action is brought pursuant to CPLR article 13-A for forfeiture of a 1984 Dodge sedan, as the instrumentality of a crime, or in the event that defendant no longer possesses the vehicle, a money judgment in the amount of $4,250. The complaint alleges that the defendant was convicted of a felony and that defendant used the vehicle in the commission of a crime. It does not allege that the defendant either owns, possesses or has any interest in the vehicle.
THE MOTION PAPERS
Plaintiff submits various documents on this motion which prove that the defendant did not own the vehicle at the time this action was commenced or at qnytime thereafter. It is contended in support of this motion that defendant’s failure to deny items contained in the plaintiffs notice to admit must be deemed an admission of those items. One item in said notice requests defendant to admit his ownership of the subject vehicle on the date he committed the crime. No other proof of defendant’s ownership has been offered. The documentary evidence submitted shows that the subject automobile was sold at auction to a third party on April 20, 1987 for the sum of $1,000 to satisfy a lien on the vehicle in the amount of $1,533.60. The instant forfeiture action was commenced approximately one month later on May 21, 1987. Plaintiff provides additional proof of defendant’s nonownership with a title record report issued by the Department of Motor Vehicles dated October 1, 1987 which lists John Prismick (the purchaser at auction) as the current owner of the vehicle.
The defendant does not dispute that he was convicted of two counts of violating Vehicle and Traffic Law § 1192 (2), operating a motor vehicle while intoxicated, as a felony, and one count of Vehicle and Traffic Law § 511 (2), aggravated unli *35 censed operation of a motor vehicle in the second degree, or deny that he owned the vehicle at the time he committed the above crimes.
THE LAW
Article 13-A authorizes the District Attorney or Attorney-General to commence an action, civil, remedial and in personam in nature (CPLR 1311 [1]), against a defendant to recover property which constitutes the proceeds of a crime, the substituted proceeds of a crime or an instrumentality of a crime (CPLR 1311 [1]). As against "criminal defendants” a claiming authority may, in lieu of recovering the property, recover a money judgment in an amount equivalent in value to the property which constitutes the proceeds, substituted proceeds or instrumentality of a crime (CPLR 1311 [1]).
The statute provides for actions against two types of defendants: "non-criminal” and "criminal” (CPLR 1311 [1]). A money judgment is not recoverable against a "non-criminal defendant” (CPLR 1311 [1]). A "criminal defendant” is defined as a person who is convicted of a felony (see, CPLR 1310 [9], [5]). It is not disputed that defendant is; a "criminal defendant” as defined in the statute. A "non-criminal defendant” is defined in the statute as a person, other than a "criminal defendant”, who possesses an interest in the proceeds, substituted proceeds or instrumentality of a crime. (CPLR 1310 [10].)
Article 13-A also authorizes the court to grant provisional remedies such as attachment (CPLR 1312). In order for the court to grant a provisional remedy it must determine that the claiming authority will prevail on the issue of forfeiture, that failure to attach the property may result in the property being destroyed, removed from the jurisdiction of the court or otherwise unavailable for forfeiture and the need to preserve the availability of the property outweighs the hardship on any party against whom the order may operate (CPLR 1312 [3]). Provisional remedies are available not only to preserve the actual property subject to forfeiture but also any assets of the defendant that could be used to satisfy a money judgment. (Morgenthau v Citisource, Inc., 68 NY2d 211, 220.) In the instant case, no application was made for any provisional remedy.
DISCUSSION
Article 13-A, New York’s civil forfeiture law, enacted in *36 1984, is still evolving in its infancy stages of development. With each new case the court must interpret, construe, and apply its prescriptions to effectuate the legislative purpose of "tak[ing] the profit out of crime” (Executive mem, L 1984, ch 669; 1984 McKinney’s Session Laws of NY, at 3627, 3628; Morgenthau v Citisource, Inc., 68 NY2d 211, 217, supra; see, Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160). Although forfeiture of a vehicle, as the instrumentality of a driving while intoxicated crime, may not necessarily affect the trafficking of illicit drugs, forfeiture does remove a lethal weapon from the hands of a defendant capable of victimizing unsuspecting innocents in his path. Thus, article 13-A, which authorizes an action against a defendant who has been convicted of "any felony” under the laws of this State (CPLR 1310 [5], [9]; 1311 [1]), has been held to authorize forfeiture of vehicles, as the instrumentalities of driving while intoxicated crimes. (Dillon v Castelli, 132 Misc 2d 1077; Holtzman v Baily, 132 Misc 2d 25.)
In the instant case, however, plaintiff asks not for recovery of the automobile from the defendant, because this is impossible, but rather the value of the automobile without regard to whether or not the defendant possesses any interest in the property. This the court will not do. In another case, this court, on a motion to confirm an order of attachment of property under article 13-A, refused to continue a levy against a vehicle used in a crime where there was no proof that the defendant owned the property other than his statement of same and title to the vehicle was held by his mother, not a party to the action. (Dillon v Secular, 132 Misc 2d 279 [Winick, J.].) Use of the vehicle by the defendant is not sufficient to prove a claim of forfeiture, the party defendant must also have some forfeitable interest in the instrumentality.
It is the plaintiff’s burden to prove by a preponderance of the evidence all the facts necessary to establish a claim of forfeiture (CPLR 1311 [3] [b]). Unfortunately, the statute does not spell out all the facts necessary to prove a forfeiture claim. This court feels that an implied element of a cause of action for forfeiture under article 13-A is that the defendant have some forfeitable interest in the instrumentality to be recovered. This is necessary to preserve the civil, remedial, nonpenal nature of the action (CPLR 1311 [1]).
Without some interest in the instrumentality a judgment of forfeiture against a defendant is meaningless. Imposing the *37 alternate relief of a money judgment against a "criminal defendant” against whom forfeiture is impossible because he has no interest in the instrumentality could only be deemed an additional penalty for his commission of the crime.
The defendant in this case had his license revoked, was sentenced to jail for 10 months for each count of operating a motor vehicle under the influence of alcohol as a felony and 6 months for violation of Vehicle and Traffic Law § 511 (2) and fined $500 for each count, later amended to 60 days in jail, all sentences to run concurrently with each other. This defendant has been punished for his crime.
Requiring defendant to pay the plaintiff the value of the instrumentality of his crime irrespective of any interest he may have in it is punitive, not remedial. This is not to say that a defendant who intentionally divests himself of his interest in an instrumentality of a crime prior to commencement of an article 13-A proceeding, for his own profit or to avoid forfeiture, is immune from liability under the statute. The court holds only that the article 13-A cause of action requires allegations that defendant possesses or possessed some proprietary interest in the instrumentality of the crime.
Without such allegations and proof article 13-A would impose strict liability upon a criminal defendant for the value of the instrumentality of a crime upon proof only of his use of the property in the commission of a crime.
CONCLUSION
Even if the court deemed defendant’s failure to deny ownership of the vehicle at the time of the defendant’s commission of the crime as proof of his ownership and sua sponte amended the pleadings to conform to the proof, plaintiff’s motion for summary judgment must be denied. Plaintiff has submitted evidentiary proof that the defendant did not own the vehicle at the time the action was commenced. Plaintiff has also shown that the defendant did not fraudulently transfer his interest to avoid forfeiture or to promote his own gain. Under these facts the court will not grant a money judgment for the value of the vehicle.
Accordingly, the court finds that plaintiff has failed to prove a cause of action against defendant and hereby denies plaintiff’s motion on the merits and dismisses the complaint.