The People of the State of New York, Plaintiff, v Harriet Rand, Defendant.

Criminal Court of the City of New York, New York County, January 6, 1989

**APPEARANCES OF COUNSEL**

*Richard Ware Levitt* for defendant. *Robert M. Morgenthau, District Attorney (Ann Beane Rudman* of counsel), for plaintiff.

**OPINION OF THE COURT**

Judy Harris Kluger, J.

The defendant is charged with unlawful disposition of assets

subject to forfeiture (Penal Law § 215.80), a class A misdemeanor. The complaint alleges that the defendant removed $90,000 from an attached account at Greenpoint Savings Bank, in knowing contempt of an order of attachment issued by the Supreme Court, New York County. The defendant now moves for an order dismissing the complaint as legally insufficient.

### THE FACTS

The defendant's husband, Seymour Rand, was the subject of a Grand Jury investigation in which it was alleged that he was a participant in a criminal enterprise engaged in collecting usurious loans and advancing and profiting from illegal gambling activities. Pursuant to CPLR article 13-A, the District Attorney, as claiming authority, sought to commence a forfeiture proceeding against Seymour Rand and the defendant. On October 12, 1988, an ex parte order of attachment was signed by Justice Stanley Ostrau of the Supreme Court, New York County, for the seizure of over $12,000,000 in property and money. Both Seymour Rand and the defendant were named as defendants in that order.

Seymour Rand was served with the order of attachment on October 12, 1988 and arrested for criminal usury in the first degree. On that date, according to the People, the defendant was personally informed by an Assistant District Attorney that the order of attachment had been issued. The defendant was not served with a copy of the attachment order. According to the People, Greenpoint Savings Bank was served with the order of attachment on October 12, 1988. On the following day, October 13, 1988, the defendant allegedly proceeded to Greenpoint Savings Bank on Rockaway Parkway in Brooklyn, and withdrew approximately $114,912.08 from two of her accounts. She received a certified check for $79,293.80 and approximately $11,000 in cash. She transferred the remaining money, approximately $24,718, into an account in her sister's name. Although the bank had been served with the order attaching the accounts, evidently the accounts were not frozen before the defendant made her withdrawals.

Sometime after leaving Greenpoint Savings, the defendant attempted to deposit the certified check from Greenpoint Savings into attached accounts at Crossland Savings Bank, also on Rockaway Parkway in Brooklyn. While at Crossland Savings, the defendant was arrested and the certified check

seized. The cash was not recovered. Shortly after the defendant's arrest, a handwritten list was found in her pocketbook. The list, a copy of which is appended to the People's affirmation, mentions the names of several financial institutions including Greenpoint Savings Bank and contains instructions regarding the transfer of funds.

### THE MOTION

Penal Law § 215.80 provides as follows: "Any defendant in a forfeiture action pursuant to article thirteen-A of the civil practice law and rules who knowingly and intentionally conceals, destroys, dissipates, alters, removes from the jurisdiction, or otherwise disposes of, property specified in a provisional remedy ordered by the court or in a judgment of forfeiture in knowing contempt of said order shall be guilty of a class A misdemeanor."

The defendant moves to dismiss the complaint against her because she claims she is not a "defendant in a forfeiture action". This argument is based on two provisions in CPLR article 13-A:

" 'Defendant' means a person against whom a forfeiture action is commenced and includes a 'criminal defendant' and a 'non-criminal defendant' " (CPLR 1310 [8]).

"An action for forfeiture shall be commenced by service pursuant to this chapter of a summons with notice or summons and verified complaint. No person shall forfeit any right, title, or interest in any property who is not a defendant in the action" (CPLR 1311 [5]).

The issue to be decided on this motion is whether a defendant named in an ex parte order of attachment, one of the provisional remedies set forth in CPLR 1312, is a defendant in a forfeiture action for purposes of Penal Law § 215.80.

Defendant argues that because she was not served pursuant to CPLR 1311 (5), the forfeiture action had not been commenced against her at the time of the alleged dissipation of assets and, therefore, she was not a defendant in a forfeiture action for purposes of Penal Law § 215.80. The People contend that Harriet Rand is a defendant for purposes of Penal Law § 215.80 as long as the requirements of CPLR 1319 are met. CPLR 1319 provides as follows: "An order of attachment granted before an action is commenced is valid only if, within sixty days after the order is granted, a summons is served upon the defendant or first publication of the summons

against the defendant is made pursuant to an order and publication is subsequently completed".

According to the People, a summons with notice was served on the defendant on November 14, 1988, within the 60-day limit of CPLR 1319.

### THE LAW

CPLR article 13-A and Penal Law § 215.80 were enacted by the New York State Legislature in 1984 to enable law enforcement personnel to initiate proceedings for the forfeiture of the proceeds of crimes and other property equal in amount to those proceeds (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.80, at 612). In essence the statutory scheme is intended to remove the profit from criminal transactions (see, Morgenthau v Citisource, Inc., 68 NY2d 211, 217 [1986]). This intention is manifested, in part, in Penal Law § 80.05, which provides for the imposition of a fine in an amount equivalent to double the value of the property disposed of in violation of Penal Law § 215.80 (see, Penal Law § 80.05 [1]). Penal Law § 215.80 is intended to punish those defendants in forfeiture who "knowingly and intentionally" dissipate, remove, or otherwise dispose of property which is subject to a provisional remedy order, such as an order of attachment or in a judgment of forfeiture. This disposition must be made in knowing contempt of the provisional order (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.80, at 612).

The defendant's argument relies on the basic tenet of statutory construction that a statute will be given its plain meaning when its terms are not ambiguous (see, Rubin v United States, 449 US 424, 430 [1981]). According to the defendant, a simple reading of the statutes at issue (Penal Law § 215.80; CPLR 1311 [5]) would render the conclusion that she was not a defendant in a forfeiture action because she was not served. However, the statutory scheme consisting of Penal Law § 215.80 and CPLR article 13-A must be read as a whole, and all of its parts construed together (McKinney's Cons Laws of NY, Book 1, Statutes § 97). Each provision is presumed to have some useful purpose and should not be construed in such a manner as to nullify any other (Delaware County Elec. Coop. v Power Auth., 96 AD2d 154, 163 [4th Dept 1983], affd 62 NY2d 877 [1984]). Circumstances may arise where plain meaning construction should not be implemented, such as where a

literal construction of a statute would negate the legislative intent behind its passage *(see, Matter of Cynthia H. v James H.,* 117 Misc 2d 474, 476, n 1 [Fam Ct, Queens County 1983]). A literal interpretation will not be utilized if it serves to achieve a result contrary to legislative intent *(see, Matter of Lynda H. M.,* 115 Misc 2d 40 [Sur Ct, Nassau County 1982]). Furthermore, another principle of statutory construction states that a statute must not be read in a manner which will render it ineffective *(see, United States v Blasius,* 397 F2d 203, 207, n 9 [2d Cir 1968], *cert dismissed* 393 US 1008 [1969]; *Anderson v Board of Educ.,* 46 AD2d 360 [2d Dept 1974], *affd* 38 NY2d 897 [1976]). A close analysis of the statutory scheme reveals that defendant's interpretation would do just that.

Penal Law § 215.80 is designed to punish a defendant who knowingly and intentionally disposes of property that is the subject of a provisional remedy ordered by the court, such as an order of attachment. Penal Law § 5.00 states that the provisions of the Penal Law must be construed "according to the fair import of their terms to promote justice and effect the objects of the law" *(see, People v Ditta,* 52 NY2d 657, 660 [1981]).

The object of Penal Law § 215.80 would be rendered meaningless if defendants who knowingly dispose of property subject to a provisional remedy were immune from prosecution, if they have not yet been served pursuant to CPLR 1311 (5) but are in fact on notice of the attachment order. The defendant's argument would exclude the provisional remedy of ex parte attachment from the ambit of Penal Law § 215.80. As the violation of provisional remedies is specifically proscribed in Penal Law § 215.80, the defendant's argument cannot be adopted by this court.

In addition to ignoring the inclusion of provisional remedies within Penal Law § 215.80, the defendant's argument would hinder the implementation of ex parte attachment orders. Pursuant to the ex parte order of attachment issued by Supreme Court, Harriet Rand was named as a noncriminal defendant. " 'Non-criminal defendant' means a person, other than a criminal defendant, who possesses an interest in the proceeds of a crime, the substituted proceeds of a crime or in an instrumentality of a crime" (CPLR 1310 [10]).

Ex parte attachment provides a means by which law enforcement officials may cause the assets of a criminal defendant to be frozen during the pendency of the criminal action

without immediate notice to the affected party *(see, Holtzman v Samuel,* 130 Misc 2d 976 [Sup Ct, Kings County 1985]). Such a procedure is designed to prevent the defendant from dissipating his assets before forfeiture takes place, a possibility that is lessened significantly when the defendant does not have immediate notice of the attachment *(see, supra,* at 983-984). A court may order an ex parte attachment if the claiming authority establishes the following grounds: "(a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; and (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate" (CPLR 1312 [3]; *see, Kuriansky v Bed-Stuy Health Care Corp.,* 135 AD2d 160, 164 [2d Dept], *dismissal denied* 72 NY2d 854 [1988]; *Dillon v Morgan Oil Terms. Corp.,* 138 Misc 2d 135, 137 [Nassau County Ct 1987]; *Dillon v Bialostok,* 136 Misc 2d 695, 697 [Nassau County Ct 1987]).

This procedure has passed constitutional scrutiny *(Dillon v Schiavo,* 114 AD2d 924 [2d Dept 1985], *appeal dismissed* 67 NY2d 605 [1986]), as long as there is judicial involvement before the order is made (CPLR 1312 [3]) and an opportunity to be heard is available subsequent to the attachment (CPLR 1317 [2]). Pursuant to CPLR 1311 (5), "[n]o person shall forfeit any right, title, or interest in any property who is not a defendant in the action." It follows from this mandate that one must be considered a defendant before he loses any rights in his property. When an ex parte order of attachment is entered, the party against whom the order is issued loses certain property rights, i.e., the right to freely transfer, dispose and otherwise alienate said property. Under the provisions of ex parte attachment, such a loss of property can take place without immediate notice to the affected party. Because the affected party is losing rights in property, he must be considered a defendant (CPLR 1311 [5]). The defendant's argument suggests that immediate notice and service is needed in order to become a defendant. Because ex parte attachment entails a taking of property rights without immediate notice, the defendant's argument implies that such a provisional remedy cannot be valid because of the lack of notice. Such an argument must be rejected as this court will not construe the ex parte attachment provisions in a manner which will render

them ineffective *(see, Matter of Albano v Kirby,* 36 NY2d 526, 530 [1975]; *Delaware County Elec. Coop. v Power Auth.,* 96 AD2d 154, 163, *supra).*

Courts must presume that the Legislature intended that each of its enacted statutes has some purpose and meaning *(see, Fitzgerald v Washington,* 80 Misc 2d 861, 870 [Civ Ct, NY County 1975]). Finding that a defendant must have immediate notice of an ex parte attachment is tantamount to nullifying the ex parte attachment provisions in the CPLR *(see,* CPLR 1317, 1318, 1319; *see also,* CPLR 1312 [3]). The conclusion that one who is named as a defendant in an ex parte order of attachment is also a defendant in forfeiture for purposes of Penal Law § 215.80 is fortified by the wording of that statute which states that the section applies to one who knowingly violates a provisional remedy, such as an order of attachment.

Although this court concludes that a defendant named in an ex parte order of attachment can be a defendant for purposes of Penal Law § 215.80, it is still necessary, of course, for the People to establish that such a defendant knowingly and intentionally disposed of the property in knowing contempt of a judicial order of forfeiture or a provisional remedy order *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 215.80, at 612-613). Defendant, however, does not raise any issues other than her status as a defendant in forfeiture. Therefore, this court finds it unnecessary to address the additional elements of Penal Law § 215.80.

This court finds that a defendant named in an ex parte order of attachment is a defendant in a forfeiture action for purposes of Penal Law § 215.80. The motion is accordingly denied.