■ DENIS DILLON, as District Attorney of Nassau County, Respondent, v ROBERT SCHIAVO, Appellant.—In an action pur-

suant to CPLR article 13-A to declare a forfeiture of the proceeds of a crime, the defendant appeals from an order of the Supreme Court, Nassau County (Malloy, J.), dated July 2, 1985, which granted plaintiff's motion to confirm an ex parte order of attachment of the same court (Lockman, J.), dated March 15, 1985.

Order affirmed, with costs.

On January 16, 1985, the defendant in this civil action was arraigned on felony charges of insurance fraud and criminal possession of stolen property. It was alleged that defendant was the proprietor of an automobile "chop shop", wherein automobiles were dismantled and the parts sold. Profits from these transactions were alleged to have been divided between the dismantler and the owners of the automobiles, and the owners then reported these vehicles as stolen and filed claims with their insurance companies.

Prior to defendant's indictment on the criminal charges, plaintiff, as claiming authority, applied for and was granted an ex parte order of attachment, issued pursuant to CPLR 1317, which authorized the seizure of machinery and vehicles used in the alleged "chop shop" operation, as well as the funds in defendant's bank account.

The attached property was alleged to represent the proceeds, substituted proceeds, and/or instrumentalities of a criminal defendant's "post-conviction forfeiture crime" (see, CPLR 1310 [5]). An alternative ground for the attachment was to provide security for a possible money judgment upon defendant's conviction (see, CPLR 1310 et seq.). Plaintiff timely moved to confirm the order of attachment. The thrust of the defendant's opposition was that CPLR 1317 was unconstitutional in that, inter alia, it did not provide for an immediate adversarial hearing.

Defendant's argument is unavailing. Upon a motion to confirm an ex parte order of attachment, the plaintiff is required to establish the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits (see, CPLR 1317 [2]; 1329 [2]). The record amply demonstrates that this was done.

The requirements of due process guarantee no particular form of procedure but are designed to protect substantial rights (see, Mitchell v Grant Co., 416 US 600). In a proper case, as where the averments of the parties reveal the facts to be disputed, a court may order the examination of witnesses (see, e.g., Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d

118). However, at bar, the factual contents of plaintiff's submissions were not disputed by defendant. Accordingly, Special Term did not abuse its discretion by not holding a postattachment adversarial hearing.

The remainder of defendant's contentions have been examined and found to be meritless. Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.