OPINION OF THE COURT
Ira H. Wexner, J.
The determination of this court, as to matters referred to it by the Honorable John W. Burke, Supreme Court, County of Nassau (Dillon v Jackson, index No. 63490/87; Dillon v Jack *1016 son, index No. 63988/87), by short form order dated January 14, 1988 are disposed of as hereinafter provided.
The defendants in the case at bar have been indicted for conspiracy in various degrees, for the sale of cocaine. It is alleged that several individual defendants, some of whom are natives of Jamaica, oprated a drug ring in at least three counties in the New York City metropolitan area, including Nassau County.
On September 22, 1987, Denis Dillon, District Attorney for the County of Nassau, brought on by order to show cause in Supreme Court, Nassau County, a motion to confirm an ex parte order of attachment of the assets of defendants Claudette Jackson, Dinsdale Jackson, Greta Reid and noncriminal defendant Tarus Corporation. This motion was based upon CPLR article 13-A, which authorizes District Attorneys as plaintiffs or "claiming authorities]”, to recover against criminal defendants real property, personal property, money, negotiable instruments, securities or other items of value, which constitute the proceeds, substituted proceeds or an instrumentality of crime (CPLR 1311 [1]). CPLR article 13-A authorizes the commencement of a civil forfeiture action, and provisional remedies, such as attachment, may be obtained prior to conviction. However, the actual forfeiture is recoverable only upon conviction of the criminal acts. Furthermore, with the exception of the provisional remedies, the civil action is completely stayed until that time (CPLR 1311 [1], [2]).
In a short-form order decision dated January 14, 1988 (Burke, J.), the Supreme Court, County of Nassau, granted plaintiff Dillon’s motion to confirm the order of attachment, stating that "the Court has examined the affidavits submitted by the claiming authority and by the defendants and has reviewed the exhibits and the excerpts of intercepted communications. Having done so, the court finds that the claiming authority has established a substantial probability of success (CPLR 1312 (3) (a)).” The court further noted that the attached assets of the defendants "could readily be removed from the jurisdiction of the Court or otherwise made unavailable for forfeiture were not the Order of Attachment confirmed.”
In confirming the order of attachment, however, the court said its decision was "subject to a post restraining order hearing to be conducted in the County Court with respect to defendants’ claimed rights to counsel of their choice, the *1017 possible release of seized assets for such purpose and the mechanics of such release, if any. This matter is respectfully referred to the County Court Judge to whom the criminal action is assigned for determination of the questions presented herein.”
Therefore, the issue of the defendants’ claimed right to counsel was respectfully referred by the Supreme Court to this court for decision. The County Court has jurisdiction in these matters. (See, NY Const, art VI, § 11; Jordan v State of New York, 56 Misc 2d 1032; City of Buffalo v Kissinger, 40 NYS2d 188.)
It is the determination of this court that no hearing is necessary as to the issue of representation by counsel of choice of the defendants. This decision has been made after a review of all the motion papers originally submitted to Supreme Court Justice Burke and following conferences with all parties. (Dillon v Schiavo, 114 AD2d 924, appeal dismissed 67 NY2d 605.) The court acknowledges the undisputed fact that independent of the attached assets, defendants cannot afford the payment of legal fees to their retained attorneys in the instant case. Moreover, the court adopts the findings of the Supreme Court in its entirety in that the claiming authority has established a substantial probability of success on the merits and that the assets of the defendants are readily removable from the jurisdiction. Based upon the establishment of these two factors, it is clear that the interest of the State in attaching the defendants’ assets far outweighs any hardship the defendants may claim by not retaining the specific counsel of their choice.
Defendants have argued that by attaching the assets of the defendants, the District Attorney has rendered the defendants indigent, thus denying them their rights to counsel of their choice under the Sixth Amendment of the US Constitution. Such an assertion is incorrect as a matter of law.
Neither the United States Constitution, nor the New York Constitution establishes a constitutional right to retain a particular attorney of the defendant’s choosing. In the recent case of Kuriansky v Bed-Stuy Health Care Corp. (135 AD2d 160 [Feb. 16, 1988]) the Second Department addressed this issue in relation to the use of provisional remedies as permitted under CPLR article 13-A. The court said: "We now address the defendants’ contention that the entry of the order of attachment and other provisional relief violated their right to *1018 counsel. The Sixth Amendment right to counsel includes a right to retain counsel of choice by one who is financially able to do so (see, e.g., United States v Curcio, 694 F2d 14, 22-23 [2d Cir 1982]; United States v Burton, 584 F2d 485, 489 [DC Cir 1978], cert denied 439 US 1069). However, the right to counsel of choice is qualified and can be outweighed by countervailing governmental interests (see, e.g., United States v Paone, 782 F2d 386, 392 [2d Cir 1986], cert denied — US —, 107 S Ct 3261 [1987]), or 'when required by the fair and proper administration of justice (United States v Ostrer, 597 F2d 337, 341; In re Grand Jury Subpoena Served Upon Doe, 781 F2d 238, 250-251 [en banc], cert denied sub nom. Roe v United States, 475 US 1108).’ ” (Kuriansky v Bed-Stuy Health Care Corp., supra, at 174.)
As the Kuriansky holding (supra) clearly states, the right to counsel of choice is a qualified right. Governmental interests, such as in the case at bar, can outweigh the right to counsel of choice by a defendant. The use by a District Attorney of the provisional remedy of attachment as authorized under CPLR article 13-A, "serves the substantial governmental need of preventing the judicial process from being frustrated by the dissipation of assets that will potentially satisfy a civil judgment” (Morgenthau v Citisource, Inc., 68 NY2d 211, 221).
Although New York State is presently without case law as to the right to counsel of choice under CPLR article 13-A, several Federal courts have analyzed the Federal Comprehensive Forfeiture Act (21 USC § 853 [e] [1] [A]) in relation to this issue. In United States v Caplin & Drysdale (837 F2d 637, 645 [No. 86-5050, 4th Cir, Jan. 11, 1988 (en banc)]) the Fourth Circuit Court of Appeals held that "[t]he right to counsel of choice belongs only to those with legitimate assets. The right to counsel does not guarantee that every defendant will have the lawyer he desires.”
In United States v Monsanto (138 F2d 1204 [2d Cir, Dec. 21, 1987]), the Second Circuit Court of Appeals directed the District Court to hold a hearing before a forfeiture of the assets required to retain counsel. The Second Circuit further held that the Government bears the burden of the probability that it will prevail at the trial as to. the criminal liability of the defendants.
However, in the case at bar there is no need for a hearing of this nature. Under the provisional remedies permitted in CPLR article 13-A, Justice Burke has already determined *1019 there is a substantial likelihood of success on the merits and that there is a high probability of conviction of the defendants.
Therefore, it is the conclusion of the court that no part of the assets of defendants Dinsdale Jackson, Greta Reid and Claudette Jackson shall be released. The court shall appoint those counsel who are presently representing the defendants to continue such representation, pursuant to article 18-B of the County Law in accordance with the rules and compensation rates of that statute. Each defendant’s counsel is directed to notify the court of his decision within 10 days of this decision. If any of the respective counsel indicates his desire to be relieved, the court will then appoint new counsel to represent such defendant.